BarNey, J.,
delivered the opinion of the court:
The question for decision in this case arises upon the demurrer of the defendants to the plaintiff’s second amended petition. The facts set out in the petition are substantially as follows:
The plaintiff, who is a citizen of the United States, on the 6th day of April, 1891, purchased from the United States at the United States land office at Helena, Mont., a tract of public land containing 160 acres, and for which he was com *373 pellecl to pay $2.50 per acre, but that the price fixed therefor by law was only $1.25 per acre, in consequence of which he was compelled to pay $200 in excess of the amount he should hare been charged. That the land embraced in plaintiff’s said entry was part of an odd section within the limits of the grant to the Northern Pacific Railroad Co. under the act of Congress of July 2, 1864, but that said land was excepted from the operation of said grant and thereafter and prior to its purchase or entry by plaintiff became subject to disposition by the United States as vacant public land. That under the provisions of the act of Congress approved March 26, 1908 (35 Stats., 48), claimant is entitled to the repayment of the said $200, but that the Secretary of the Interior holds that the lawful price of lands of the same status with the land so purchased and entered by claimant is $2.50 per acre and refuses payment in such cases of the amounts thus paid, and that the denial of this class of claims by the Secretary of the Interior is an erroneous construction of law.
There is no averment in the petition that this claim has ever been presented to the Secretary of the Interior or that he has ever in any manner passed upon the same.
The plaintiff bases his claim upon the act of Congress of March 26, 1908 (supra), which is as follows:
“ That where purchase moneys and commissions paid under any public-land law have been, or shall hereafter be, covered into the Treasury of the United States under any application to make any filing, location, selection, entry, or proof, such purchase money and commissions shall be repaid to the person who made such application, entry, or proof, or to his legal representatives, in all cases where such application, entry, or proof has been or shall hereafter be rejected, and neither such applicant nor his legal representatives shall have been guilty of any fraud or attempted fraud in connection with such application.
“ Sec. 2. That in all cases where it shall appear to the satisfaction of the Secretary of the Interior that any person has heretofore or shall hereafter make any payments to the United States under the public-land laws in excess of the amount he was lawfully required to pay under such laws, such excess shall be repaid to such person or to his legal representatives.
*374 Sec. 3. That when, the Commissioner of the General Land Office shall ascertain the amount of any excess moneys, purchase moneys, or commissions in any case where repayment is authorized by this statute, the Secretary of the Interior shall at once certify such amounts to the Secretary of the Treasury, who is hereby authorized and directed to make repayment of all amounts so certified out of any moneys not otherwise appropriated and issue his warrant in settlement thereof.”
It is contended by the defendants that this court has no jurisdiction to entertain this suit, for the reason that the decision of the Secretary of the Interior under the above-quoted statute is conclusive.
In the case of Medbury v. United States (173 U. S., 492) the Supreme Court decided that under the act of June 16, 1880 (21 Stats., 287), this court had jurisdiction to review the action of the Secretary of the Interior as to the proper construction of that law, but that upon all questions of fact presented to him his decision was conclusive.
The only difference in the two statutes seems to be that the act of March 26, 1908, provides a new class of cases in which the Secretary of the Interior is authorized to grant relief in the refunding of moneys improperly paid for Government lands, except that in the act of June 16, 1880, conferring jurisdiction upon the Secretary of the Interior, the first section provides “ that in all cases where it shall, upon due proof being made, appear to the satisfaction of the Secretary of the Interior,” etc., then following with the cases in which he is authorized to refund money. In the act of March 26, 1908, the phrase “upon due proof being made ” is omitted.
We do not think the omission of the phrase “ upon due proof being made ” in the act of March 26, 1908, makes any difference as to the jurisdiction of this court to review the decision of the Secretary of the Interior as to any question of law which may arise in the case. Of course that officer must be “ satisfied ” in either case, both upon the law and the facts, before he gives any relief, and in either case his decision upon the law is not conclusive.
As before stated, there is no averment in the petition that this claim for the refund of moneys improperly paid for *375 Government lands has ever been presented to the Secretary of the Interior, and hence his decision upon any facts connected with the claim has never been made. The Supreme Court has decided that upon such questions his decision is conclusive, and in Medbury v. United States (supra), says:
“ But where, as in this case, there is no disputed question of fact and the decision turns exclusively upon the proper construction of the act of Congress, the decision of the Secretary refusing to make the payment is not final and the Court of Claims has jurisdiction in such a case.” (Id., 498.)
How can this court say there is no disputed question of fact in this case until the question has been presented to the Secretary of the Interior and his decision upon the facts found by him made? In the Medbury case the claim had been presented to the Secretary of the Interior, and upon' the facts in that case as found by the officer the claim was denied.
Congress has given the Secretary of the Interior jurisdiction in this class of cases in the first instance, and it would be usurping that jurisdiction for this court to try the facts in any one of them before being presented to him. We have no jurisdiction to entertain such a suit upon the mere allegation that in other cases presenting the same facts he has construed the law in a certain way, and so as to deny the claim of the plaintiff. It is for him to say what the facts are in each case presented as well as to determine when cases are alike and belong to the same class.
We think the claim of the plaintiff should first be presented to the Secretary of the Interior and his decision thereon made before we have jurisdiction to entertain the question as to whether he properly applied the law to the facts found by him.
It is not necessary to say that when the courts have settled the law applicable to any class of cases the Secretary of the Interior will apply it in all cases within such class so that a multiplicity of suits under these statutes will not be necessary.
The demurrer is sustained, with leave to the plaintiff to amend his petition within 90 days.