Hay, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
This is a suit brought by the plaintiff to recover from the United States the value of certain property lost by the plaintiff in a fire at Seattle, Wash., on or about the 7th day of May, 1906. The plaintiff’s property was stored in a warehouse, which was the property of the United States. He brings this suit under the act of March 3, 1885, 23 Stat., 350.
This is an act providing for the compensation of. officers and enlisted men for property lost or destroyed in the United States military service, and among its other provisions is the following:
“And provided further, That all claims now existing shall be presented within two years, and not after, from the passage of this act; and all such claims hereafter arising be presented within two years from the occurrence of the loss or destruction.”
It appears from the evidence in this case that the plaintiff did not present his claim for his alleged loss to the accounting officers of the Treasury within two years from the occurrence of the loss of the property. In fact, he did not at any time present his claim to the accounting officers or to anybody else. He brought suit in this court in March, 1912. The claim not having been presented to the accounting officers *247 of the Treasury within the time fixed by the statute, the court is of opinion that it has not jurisdiction of this claim. The plaintiff relies upon the case of Olin R. Booth, No. 27837. But the facts in that case do not correspond with the facts in this case. In the case of Newcomber v. United States, 51 C. Cls., 409, Campbell, Chief Justice, in delivering the opinion of the court, discussed fully the facts in the Booth case, and stated: “When the Booth case is urged as an exception to the rule the facts must be similar to those we have detailed as applying in that case.” As the facts in this case are not similar to those in the Booth case, this case can not come within the exception to the rule.
The petition in this case will therefore be dismissed, and it is so ordered.
Downey, Judge, BaRney, Judge, Booth, Judge, and Campbell, Chief Justice, concur.