*536 memorandum

Per Guriam:

On the trial and submission of this case the principal issue raised was that the record failed to disclose that any orders were issued by the Major General Commandant of the Marine Corps or the Secretary of the Navy directing drill duties to be performed by the plaintiff’s organization; in other words, that there were.no competent orders for the drills which the plaintiff performed. In the former opinion, the court held that there were competent orders for such drills and the plaintiff was entitled to recover. The majority of the court is still of the opinion that competent orders were issued for the drills, but on motion for new trial for the first time the attention of the court was called to the provisions of Section 2 of the Act of January 19, 1929, 45 Stat. 1090, which provide that no compensation shall be paid for the performance of drills to members of the Naval Reserve or Marine Corps Reserve subsequent to July 1,' 1925, “upon any claim unless such claim shall have been filed with the General Accounting Office within three years from the ex *537 piration of tbe quarter in w'hich. the right to such payment accrued”. This makes the filing of the claim a condition precedent to the payment thereof, and we have repeatedly held that where a statute requires certain conditions precedent to the allowance of a claim such conditions must be performed before relief can be granted by this court. See King v. United States, 48 C. Cls. 371, 375; Goodman v. United Statues, 52 C. Cls. 244; and Kings County Savings Institution v. Blair, 116 U. S. 200, 205-206.
The plaintiff, however, contends that Congress did' not intend to make the statute applicable to cases like the one at bar which arose after the passage of the act, and quotes from the Reports of the House and Senate on the act in question in support of this contention. It may be that the primary purpose of the act was to dispose of old claims and old records but the act itself has no such limitation. It is specific in form and includes all claims for compensation for the performance of drills “accruing to members of the Naval Reserve or Marine Corps Reserve subsequent to July 1, 1925”. The proviso inserted in the act, “That no' claim shall be debarred if submitted within one year from the date of the- passage of this Act”, was evidently included for the reason that a gross injustice would have been done if the act outlawed some of the older claims by imposing a condition with which the claimant could not possibly comply.
We think the statute manifestly was intended to apply to all claims of the nature of the one herein involved and as the petition failed to allege and the evidence did not show that the claim had been filed with the General Accounting Office within the time prescribed by the statute the action of plaintiff was thereby barred.
It follows that the motion for new trial must be sustained, the former opinion withdrawn, judgment thereunder set aside, and the petition dismissed. It is so ordered.