## KINGS COUNTY SAVINGS INSTITUTION *v.* BLAIR.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.

Argued December 15, 1885.—Decided January 4, 1886.

A suit cannot be maintained against a collector of internal revenue to recover back taxes alleged to have been illegally exacted, when the tax-payer has failed within two years next after the cause of action accrued to present to the Commissioner of Internal Revenue his claim for the refunding in the manner pointed out by law.

This was an action at law to recover back taxes alleged to have been illegally exacted by a collector of internal revenue. The facts which make the case are stated in the opinion of the court.

*Mr. Lewis Sanders* for plaintiff in error. (*Mr. George N. Sanders* was with him on the brief.)

*Mr. Solicitor-General* for defendant in error.

Mr. JUSTICE WOODS delivered the opinion of the court.

The Kings County Savings Institution, plaintiff in error, was the plaintiff in the Circuit Court. It brought its action, as for money had and received, against the defendant in error, as administrator of the estate of James Freeland, deceased, late col-

lector of internal revenue, to recover the amount of taxes illegally exacted from it, as it alleged, by the intestate of the defendant in error.

The defence relied on was pleaded by the defendant, as follows : "That the plaintiff herein did not present to the Commissioner of Internal Revenue its alleged claim for abatement, or for refunding the amount claimed in said complaint, within two years after the said alleged claim had accrued, as required by section 3228 of the Revised Statutes of the United States."

The bill of exceptions shows that, on the trial of the case by the circuit judge and a jury, the plaintiff, to sustain the issue on its part, proved that it made its return for internal revenue taxation for the six months ending May 31st, 1878, on the form prescribed by the Commissioner of Internal Revenue, in duplicate, and accompanying the same filed an amended return in duplicate. The prescribed return had the following words written upon its face :

"This return not exempting any part of accounts exceeding $2000—in the name of any one person, is made under protest by compulsion, to prevent a penalty from being assessed ; but the accompanying is claimed to be the true and legal return exempting $2000—of all deposits made in the name of any one person ; and if the assessment and collection are enforced in accordance with this return, suit will be brought for the excess."

The amended return showed the tax due, according to the construction placed upon the law by the plaintiff, to be $428.75, and had the following words written upon its face :

"In this amended return this savings bank, under advice of counsel, disregards as erroneous this printed form heretofore prescribed and enforced by the Commissioner and collector of Internal Revenue for the United States, and the amended exemption clause, 'less average amount of all deposits not exceeding $2000, made in the name of any one person,' is construed as exempting ' all deposits made in the name of any one person not exceeding $2000' of such deposit in his name.

"This bank claims that the tax be assessed according to this return."

It was shown that the prescribed return and amended return were delivered to the Commissioner of Internal Revenue on June 6, 1878, and to the collector of internal revenue, the intestate of the defendant, on or before that date. On June 18, 1878, the Commissioner of Internal Revenue assessed the amount of tax on the face of said prescribed return at $1796.25, which amount the plaintiff paid to the collector on July 1, 1878, by a check which bore upon its face the words, "Paid under protest to prevent distraint and penalty."

The bill of exceptions recites that the "plaintiff also proved that as a matter of fact the true amount of the tax which should have been assessed against it was the sum of $428.75, as shown by said amended return."

Proof of similar facts in respect to the tax due from the plaintiff for the six months ending November 30, 1878, was made, and that both the prescribed and amended returns for that tax were delivered to the Commissioner of Internal Revenue on December 9, 1878, and to the collector on or before that date. The plaintiff admitted that no other proceedings had been taken than those above detailed.

The defendant, to sustain the issue on his part, "proved," so the bill of exceptions states, "that for two years subsequent to the payments of the amounts assessed against the plaintiff, respectively, no appeal had been taken from such payments or claim made for refund to the Commissioner of Internal Revenue." He also put in evidence the treasury regulations prescribing the forms and procedure for the refunding of taxes in force from January 1, 1871, to December 31, 1878, as follows:

"Preparations of claims for the refunding of taxes and penalties claimed to have been erroneously or illegally collected.

(Form 46.)

"Claims for the refunding of taxes and penalties alleged to have been erroneously or illegally collected must be made out upon form 46 in this case. The burden of proof rests upon the claimant. All the facts relied upon in support of the claim should be clearly set forth under oath. The claim should

be still further supported by the certificate of the assistant assessor of the proper division, and by the certificate of the assessor and collector.    This form and those certificates should be respectively in form as follows."

Then follows the form of an affidavit to be made by the claimant, which, if observed, required him to state the business in which he was engaged, when and by what assessor he was assessed, the amount of the tax, and when he paid it and to what collector, and that in the belief of the claimant the tax was erroneous and improper, and for what reasons, and that by reason of the erroneous assessment and payment he was justly entitled to have a certain sum, naming it, refunded, and that he had not theretofore presented any claim for the refunding of said sum or any part of it.    Then follows the form of the deputy collector's certificate to be indorsed on the claimant's affidavit, to the effect that he had carefully investigated the facts set out in the affidavit, and believed the statements in all respects to be true.    Next follows the form of the collector's certificate, also to be indorsed on the affidavit, to the effect that he had carefully investigated the facts therein set forth and was satisfied that its statements were in all respects just and true; that upon personal examination he found a certain sum, naming the amount, reported against the claimant, giving the page and line of the list and the number and date of the form where it was to be found, and that the same was paid to him on a day named, and was included in his aggregate receipts for said list, which receipts amounted to a certain sum, naming it, and that the same was delivered to the assessor to be transmitted to the Commissioner of Internal Revenue, and that no claim for the assessment complained of had been theretofore presented.

The certificate of the clerk in charge of records in the office of the Commissioner of Internal Revenue was also required, to the effect that, from personal examination, he found a certain sum, naming it, reported against the claimant, on a certain page and line, naming them, of the list in form, giving the number and date of the form, on file in the office of the commissioner, and that the tax was included in the collector's aggregate

receipt for said list, transmitted by the assessor to the Commissioner of Internal Revenue.

This was all the evidence. Thereupon the court ordered the jury to return a verdict for the defendant, which was accordingly done. The plaintiff excepted to this ruling of the court. The court entered judgment for the defendant upon the verdict, and to reverse that judgment the plaintiff brought the present writ of error.

The regulations prescribed by the Secretary were made by authority of section 3220 of the Revised Statutes. That section provides that "the Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary, is authorized, on appeal to him made, to remit, refund, and pay back all taxes erroneously or illegally assessed or collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected."

Section 3228, which the defendant pleaded in bar of the suit, declares "that all claims for the refunding of any internal tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, must be presented to the Commissioner of Internal Revenue within two years next after the cause of action accrued."

The suit of the plaintiff was to recover back taxes illegally collected. The defence pleaded was that the claim for the refunding of the tax so illegally collected was not presented to the Commissioner of Internal Revenue within two years after the claim had accrued, that is to say, after the payment of the alleged illegal tax. There was no demurrer to this plea, and it is not disputed that it was good in law. The bill of exceptions recites that the defendant proved that for two years subsequent to the payment of the tax no claim for the refunding of the tax had been made by the plaintiff to the Commissioner of Internal Revenue. Upon this state of the pleadings and proof, the direction of the court to the jury to return a verdict for the defendant was right, unless it is held that the facts

proven by the plaintiff show a claim made for the refunding of the tax within the meaning of the law.

These facts were the indorsement of a protest on the checks by which the taxes were paid, and the making of the prescribed and the amended return, with the protest and claim written thereon as above stated.

As it does not appear by the record that the protest upon the checks was ever brought in any way to the notice of the Commissioner, that fact may be eliminated from the case. The contention of the plaintiff in error, therefore, amounts to this, that a protest upon its return for taxation against the requirements of the form on which the return is made, accompanied by an amended return, made out according to the plaintiff's construction of the law, is such a claim to the Commissioner of Internal Revenue for the refunding of a tax illegally collected as is required by the law and the regulations of the Secretary of the Treasury.

We think there is no ground for this contention to rest on. No claim for the refunding of taxes can be made according to law and the regulations until after the taxes have been paid. It is not pretended that since the payment of the tax by the plaintiff any one of the steps required by the law and regulations to make an effectual claim for the refunding of the tax has been taken. All the safeguards prescribed by the Secretary of the Treasury for the protection of the public interests, in his regulations respecting claims for the refunding of taxes, have been disregarded. There has been no claim whatever in the sense of the law.

In our opinion no suit can be maintained for taxes illegally collected unless a claim therefor has been made within the time prescribed by the law. When the law says the claim must be presented within two years, the implication is that, unless so presented, the right to demand the repayment of the tax is lost, and the Commissioner has no authority to refund it, and, of course, the right of suit is gone. We regard the presentation of the claims to the Commissioner of Internal Revenue for the refunding of a tax alleged to have been illegally exacted as a condition on which alone the government con-

sents to litigate the lawfulness of the original tax. It is clearly not the intent of the statute to allow the collector to be sued unless the tax-payer has first applied for relief to the Commissioner within the time and in the manner pointed out by law and relief has been denied him. *Cheatham* v. *United States*, 92 U. S. 85; *Railroad Co.* v. *United States*, 101 U. S. 543; *Arnson* v. *Murphy*, 115 U. S. 579.

As the making of such a claim was not alleged or proven, but, on the contrary, the failure to present the claim was pleaded and was established by the testimony, the plaintiff failed to establish its cause of action.

But the plaintiff insists that the judgment of the Circuit Court should be reversed, because the bill of exceptions recites that the plaintiff "proved that the true amount of the tax which should have been assessed against it was the sum of $428.75, as shown by said amended return," and the defendant having allowed this proof to be made, it is now too late for him to contend that the mere technical preliminaries to establishing this proof were not observed. But the only proof of what the tax should have been, according to the plaintiff's theory, was his amended return, and this raised a question of law which could be presented, but could not be concluded by the bill of exceptions. Besides, it was shown by the record that the defendant insisted to the end of the case and proved that no claim had been made to the Commissioner within two years after its payment, for the refunding of the tax sued for. If, therefore, it be conceded that the tax exacted was illegal, the failure to make claim for its repayment is a bar to the suit.

Upon the whole case, therefore, the Circuit Court was right in directing the verdict for the defendant.

*Judgment affirmed.*