## MUTUAL TRUST LIFE INS. CO. v. UNITED STATES.

### No. L–22.

Court of Claims.
Dec. 8, 1930.

Earl W. Shinn, of Washington, D. C., for plaintiff.

Lise A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

This suit was instituted to recover $6,-538.58, with interest from September 6, 1923, alleged to represent an overpayment of income tax for 1922 erroneously and illegally collected. The basis of the claimed overpayment is that upon the decision in National Life Insurance Co. v. United States, 277 U. S. 508, 48 S. Ct. 591, 72 L. Ed. 968, holding that the 4 per cent. of the mean of the reserve funds of an insurance company might not be decreased by the amount of the tax-exempt interest, the plaintiff's income for 1922 was determined by the Commissioner of Internal Revenue to be $52,308.63 in excess of the amount upon which it was taxable.

The defendant demurs to the petition, first, that it fails to state facts sufficient to constitute a cause of action against the United States; secondly, that it fails to state facts sufficient to constitute a cause of action within the jurisdiction of this court. In support of the demurrer, the defendant insists, first, that a written protest made with the filing of the return for 1922 does not constitute a claim for refund, informal or otherwise, within the meaning of the statutes and the Treasury decisions requiring that claims for refund be filed before the institution of suit; and secondly, that section 3228 of the United States Revised Statutes, as amended by section 1112 of the Revenue Act of 1926 (26 USCA § 157(a), requires that claims for refund must be filed within four years from the date of payment of the tax, and that, since plaintiff did not file its claim for refund until June 28, 1928, more than four years after the payment of the tax, the court is without authority to entertain this suit.

The plaintiff, an Illinois corporation, was during the taxable year and still is engaged in business as a mutual life insurance company. March 15, 1923, it filed an income tax return prescribed for life insurance companies for the calendar year 1922 showing a total tax of $11,134.34. In this return plaintiff, as required by section 245(a)(1) and (2) of the Revenue Act of 1921 (42 Stat. 261), computed its taxable income of $89,074.69 by reducing the 4 per cent. of the mean of its reserve funds by the amount of $52,308.-63, tax-exempt interest. The whole amount of the mean of the reserve funds for 1922 was $292,785.76. When reduced by the tax-exempt interest, as aforesaid, the excess of 4 per cent. of the mean of the reserve funds over such tax-exempt interest was shown as $240,477.13. Under the decision in National Life Insurance Co., supra, plaintiff's correct taxable income for 1922 was $36,766.06, and the correct tax thereon was $4,595.75.

The total tax of $11,134.34 computed upon the income of $89,074.69 shown in the return at 12½ per cent. was paid by the plaintiff to the collector of internal revenue at Chicago in four installments of $2,783.59 on March 21, 1923, $3,000 each of June 15 and September 6, 1923, and $2,350.75 on Decem-

ber 8, 1923. The return as filed bore on its face an indorsement that of the total tax of $11,134.34 "$6,538.58 is protested," and that of the first quarterly payment of $2,783.59 "$1,634.65 protested." Accompanying the return, and attached thereto and made a part thereof, was a letter written by the plaintiff by its secretary, dated March 15, 1923, and addressed to the collector of internal revenue at Chicago, Ill., as follows:

"Inclosed you will please find check for $2,783.59, being the first quarterly payment of income tax for the year 1922, as shown by the attached return of Mutual Trust Life Insurance Co., the payment of which amount in the sum of $1,634.65 is protested.

"This company received during the year 1922 interest on United States Government bonds and other tax-free securities the sum of $52,308.63, upon which amount this company is now being forced to pay an income tax contrary to law.

"The true amount due the Government for the year 1922 is $4,595.76 and not $11,-134.34 as shown by the attached report. The payment therefore of the increased amount of $6,538.58 which is a direct tax on the income received by this company for interest on tax-free securities is earnestly protested."

Nothing further was done by the plaintiff and no action was taken by the Commissioner of Internal Revenue until June 28, 1928, when the plaintiff filed with the collector of internal revenue a claim for refund on Treasury Department Form 843 of tax alleged to have been overpaid for 1922 in the amount of $6,538.58, setting forth in said claim for refund as reasons for the allowance thereof the following:

"The United States Supreme Court in the case of National Life Insurance Company (of Vermont) on June 4, 1928, decided that the method employed by the Government in computing tax did not exempt tax-free interest from taxation. Tax-exempt interest reported for 1922 was $52,308.63, and the company claims a refund of 12½ per cent. of this amount, or $6,538.58 by notice of protest duly filed at the time of filing our report and said decision of the said court. See § 245(a)(1) and § 245(a)(2) of the Revenue Act of 1921. 4 per cent of the mean of the reserve funds must not be decreased by the tax-exempt interest."

On September 7, 1928, the Commissioner of Internal Revenue rejected the claim for refund in full on the ground that it had not been filed within the time required by law.

On March 27, 1929, the Secretary of the Treasury issued Treasury Decision No. 4266, as follows:

"Limitations on the perfection of incomplete or imperfect claims for credit and refund: (1) Except as provided in paragraph (2), a refund or credit of any internal-revenue tax will not be allowed in any case after the expiration of the statutory period of limitations applicable to the filing of a claim therefor (computed without regard to the filing of any so-called informal or defective claim) unless prior to the expiration of such period a formal claim has been duly filed which complies with all the requirements of the regulations applicable at the time such claim was filed, nor will any claim which does not comply with such regulations be considered for any purpose as a claim for refund or credit. (See e. g. Reg. 14; Art. 1036, Reg. 45 and 62; Art. 1306, Reg. 65; Art. 1304, Reg. 69; Art. 1254, Reg. 74; Law Opinion 1116; T. D. 4265.)

"(2) A refund or credit may be allowed after the expiration of such statutory period of limitations, even if no formal claim has been filed prior thereto, in any case in which a so-called informal or defective claim, duly filed prior to the expiration of such period and stating specifically the grounds for the refund or credit, is perfected by the filing of a claim prior to May 1, 1929, which complies with the requirements of T. D. 4265, but (a) only the grounds set forth in such formal claim which were also set forth in such informal or defective claim will be considered, and (b) no claim in respect of which a suit in court has been commenced at any time may be so perfected."

Plaintiff insists that its protest on the return for 1922 of the illegality of the amount which it seeks to recover in this suit and the protest of a portion of the first installment, and the letter written by it on March 15, 1923, to the collector of internal revenue and attached to the return protesting the payment of $6,538.58, constituted an informal or defective claim for refund within the meaning of Treasury Decision 4266 of March 27, 1929, that this Treasury decision is applicable to cases where an informal or defective claim was filed prior to the date thereof, and that, when it filed the formal claim for refund on June 28, 1928, all of the provisions of the statutes and the regulations relating to claims for refund had been complied with. It therefore contends that the Commissioner of Internal Revenue should have allowed the claim, and, having failed to do so, it is entitled to maintain this suit and re-

ceive judgment of the court for the alleged overpayment with interest.

We are of opinion that there is no merit in the claim of plaintiff that the protest on its return and in the letter of March 15, 1923, attached to the return, constituted an informal or defective claim sufficient to satisfy the requirements of sections 3228 and 3226 of the Revised Statutes, as amended (26 USCA §§ 156, 157), and that, before a refund may be made by the Commissioner or a suit maintained for the recovery of tax alleged to have been erroneously or illegally collected, "a claim for refund" must be filed with the Commissioner of Internal Revenue. A protest is not a claim for refund. Kings County Savings Institution v. Blair, 116 U. S. 200, 6 S. Ct. 353, 29 L. Ed. 657. Even if it might be held under the peculiar facts in any case that a specific demand or claim for refund made before the payment of that portion of the amount sought to be recovered by suit might satisfy the requirements of the statutes and the regulations, the protest relied upon by the plaintiff could not constitute such a claim. All that the plaintiff did prior to the filing of the claim on June 28, 1928, was to put the collector and the Commissioner upon notice that it regarded a portion of the tax shown on the return as being illegal, and that it was not making the payment voluntarily. Whatever rights the plaintiff may have protected, or whatever privilege might have been given by the statutes and the regulations because of the protest made, it did not amount to a claim for refund within the meaning of sections 3228 and 3226 of the Revised Statutes as amended (26 USCA §§ 156, 157). There was no demand or claim for refund. The protest showed that the plaintiff believed that $6,538.58 of the total tax imposed by the statutes and shown on the return was an illegal tax, and indicated, by inference, that plaintiff hoped and expected that this amount might be returned to it. Something more than an inference is necessary to satisfy the requirements of the statutes. Although words purely formal, which might have added nothing to the clarity or contents of the statement, constituting plaintiff's belief that the tax was illegal and should be returned to it, were necessary to comply with the provisions of the statutes, their absence is fatal. Rock Island, Arkansas & Louisiana R. Co. v. United States, 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188.

We need not consider the question whether Treasury Decision 4266 applies to informal or defective claims for refund made prior to March 27, 1929, for, in our opinion, the provision of that decision that a refund may be allowed after the expiration of the statutory period of limitation, even if no formal claim has been filed prior thereto, in any case in which an informal or defective claim was filed prior to the expiration of the statutory period of limitation for filing claims, can only apply to a claim that is sufficient in substance, all the facts and circumstances being considered, to satisfy the requirements of the statutes. The statutes do not specify the contents of the claim, beyond the requirement that a claim for refund must be made; the form and contents thereof are prescribed by regulations made pursuant to the statutes. The informality or the defectiveness of the claim must therefore be matters relating to its form, its execution, or its contents.

The claim for refund filed by the plaintiff on June 28, 1928, was therefore the first and only claim made by it for the refund of a portion of the tax paid for 1922 within the meaning of the statutes and the regulations.

The demurrer is sustained, and the petition is dismissed. It is so ordered.