## HEEBNER v. UNITED STATES.

District Court, S. D. New York.
March 26, 1931.

Donald Horne, of New York City, for plaintiff.

George Z. Medalie, U. S. Atty., of New York City (Leon E. Spencer, of New York City, of counsel), for the United States.

PATTERSON, District Judge.

The action is to recover excess-profits tax paid by the plaintiff on June 12, 1923. It was commenced on April 18, 1930. The defendant moves to dismiss the complaint on the ground that the action is barred by limitation. Under section 1113 (a) of the Revenue Act of 1926 (26 USCA § 156), no suit may be brought to recover any internal revenue tax more than five years after payment, unless the claim has been disallowed and suit is brought within two years after disallowance of the plaintiff's claim for refund.

The plaintiff filed claim for refund on June 9, 1927. By letter dated February 25, 1928, the Commissioner of Internal Revenue notified him that the claim would be rejected, and that the rejection would officially appear on the next schedule to be approved by the Commissioner. The rejection was accordingly listed on the schedule approved March 9, 1928. The plaintiff on October 29, 1928, filed a brief requesting a reopening of the matter. The Commissioner declined to change his ruling, and so notified the plaintiff in a letter dated April 9, 1929. This letter, setting forth briefly the view of the facts taken by the Commissioner, and stating that the tax had been correctly computed, concluded: "The conclusions expressed in Bureau letter dated February 12, 1928 are therefore affirmed." The plaintiff then filed a second claim for refund covering the same tax, and on February 28, 1930, the Commissioner informed him by letter of the forthcoming rejection of this claim.

The significant date here is March 9, 1928, when the original claim for refund was formally disallowed. The two-year period then began to run, and no further notice to the plaintiff was necessary. United States v. Michel, 282 U. S. 656, 51 S. Ct. 284, 75 L. Ed. ——, decided by the Supreme Court on February 24, 1931. The time to commence suit therefore expired on March 9, 1930, and an action brought on April 18, 1930 was too late.

The plaintiff does not urge that a new lease of life was won by the second claim for refund and its rejection. He does contend, however, that the first claim for refund was reopened and was not finally rejected until April 9, 1929. Support for this contention may come by analogy from the rule that a motion for new trial or a petition for rehearing, if seasonably made, extends the time for application for appeal until the motion or petition is disposed of. Aspen Co. v. Billings, 150 U. S. 31, 14 S. Ct. 4, 37 L. Ed. 986; Kingman & Co. v. Western Mfg. Co., 170 U. S. 675, 18 S. Ct. 786, 42 L. Ed. 1192. But it seems to me that the result here is different. A regulation of the Treasury Department which took effect six days before the plaintiff filed his brief for reconsideration of the claim for refund provides that no application for reopening will extend the period within which suit must be brought, and that reconsideration of a claim by the Commissioner will not be deemed a reopening. Article 1257, effective October 23, 1928. It will be noted that this regulation is applicable only to cases where claims have already been definitely disallowed by the Commissioner. It is not repugnant to any statute, so far as appears, and, in my opinion, it is a valid and proper regulation, serving the useful purpose of removing uncertainty as to the effect of an application for reconsideration of a rejected claim. The plaintiff argues that the words used in the Commissioner's letter of April 9, 1929, indicate that the claim for refund was reopened and reconsidered on the merits. It is not necessary to pass upon this point, because, under the controlling regulation, this communication to the plaintiff could not have the effect claimed for it by the plaintiff. It follows that the plaintiff, when he filed his application for reconsideration, was put on notice that the period of limitations two years from March 9, 1928, continued to run without interruption.

The complaint will therefore be dismissed.