## BRYANT PAPER CO. v. HOLDEN.
### No. 6015.

Circuit Court of Appeals, Sixth Circuit.

Dec. 16, 1932.

Rehearing Denied Feb. 21, 1933.

W. P. Smith, of Washington, D. C., for appellant.

F. W. Dewart, of Washington, D. C. (Fred C. Wetmore and L. H. Grettenberger, both of Grand Rapids, Mich., and C. M. Charest, of Washington, D. C., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

Appellant, herein called plaintiff, sued the executrix of the will of Holden, a former collector of internal revenue, to recover an overpayment of income and profits taxes for the year 1922. The foundation for the suit laid in the original declaration was the general allegation that plaintiff was entitled to additional deductions for depreciation in the years 1921 and 1922. The amount in controversy was $7,386.35. Plaintiff claimed that it was entitled to depreciation upon the value of a contract it had with the Nashwaak Pulp & Paper Company, Limited, for the purchase of bleached sulphite.

It is agreed that, if the filing of a claim for refund by plaintiff was timely it was en-

titled to a judgment in the court below; otherwise not, because the filing of such claim within the statutory period, i. e., four years after the payment of the tax, is a prerequisite to recovery. Title 26, §§ 156, 157, U. S. C. (26 USCA §§ 156, 157); Treas. Reg. 69, art. 1304.

The sole question is whether plaintiff filed such claim within the statutory period.

By written stipulation the case was heard without a jury. The District Judge filed a written opinion,[1] made special findings of fact and conclusions of law, and dismissed the case.

The court found that on March 14, 1927, plaintiff filed a claim for a refund of part of its 1922 taxes; that this claim was based "on the ground that adjustment of depreciation for prior years now being considered by the Unit, may, when carried forward result in additional deductions for 1921 and 1922, and loss on Home Life Publishing Company may be determined to be allowable in 1921 or 1922 rather than in an earlier year as claimed." It further found that this claim was rejected on May 19, 1927, because it was not sufficiently specific. These findings were not excepted to.

Thereafter, on June 10, 1927, plaintiff, by letter, protested the rejection of its claim of March 14, 1927, and explained *that it was claiming deduction for depreciation upon machinery and equipment at 10 per cent. per annum and for $44,553.87 which it had charged off as a worthless account against the Home Life Publishing Company.*

The court did not find as a fact, but it was agreed, that, following the letter of June 10, 1927, plaintiff on October 31, 1927, filed a revised claim for the year 1922, which contains the following statement:

"Deponent verily believes that this application should be allowed for the following reasons:

"The details supporting this claim are contained in a protest submitted herewith dated October 26, 1927. The points involved are:

Additional depreciation—1921.............. $ 44,038.32
Additional depreciation—1922.............. 21,733.14
Loss on Home Life Publishing Company—
1921 .................................... 44,553.87
Loss on F. B. Mills Company—1921....... 314.42
Loss on F. B. Mills Company—1922....... 220.09

Total .................................. $110,859.84"

The accompanying protest states that "the following specific facts are submitted which we believe will enable you to make a proper adjustment. The points in question are three, namely:

"(a) *A claim for additional depreciation.* * * *

"The *claim for additional depreciation* arises from following the procedure, rates and depreciable cost determined by the Bureau *with respect to buildings and machinery* for the years 1917 to 1920, inclusive. The effect of applying the basis adopted by the Bureau is indicated in the *attached schedule,* in which it is shown that additional depreciation is allowable in the amounts of $44,038.32 and $21,733.14 for the years 1921 and 1922, respectively. * * *

"A revised claim to cover the refund which will result from *the specific corrections cited herein* is attached."

And the accompanying computation shows that the additional depreciation for 1922 *was based solely upon buildings, machinery, and equipment.*[2]

This revised claim was timely. It was filed prior to December 13, 1927, the expiration date of the statutory period of four years, but it carried no suggestion that overpayment was claimed on account of depreciation of the Nashwaak contract, and no formal effort was ever made to amend or enlarge this revised claim to include depreciation therefor.

However, on April 30, 1929, after the expiration of the four-year period, plaintiff filed a refund claim for the amount in controversy for the year 1922, based upon an allowance by the Commissioner of depreciation of the Nashwaak contract. This claim appears in the record as an independent demand. It does not seek to relate itself to the one filed on October 31, 1927. With the exception of mention made in certain briefs, the earliest of which was filed April 7, 1929, more than sixteen months after the bar of the statute had fallen, this claim made on April 30, 1929, was the first intimation that plaintiff was seeking the return of an overpayment upon its 1922 taxes on account of depreciation upon the Nashwaak contract.

We are not in accord with plaintiff's view that the claim of April 30, 1929, was so far amendatory or explanatory of the timely claim of October 31, 1927, as to relate to its date and thereby be brought within the statutory period. The claim of October 31, 1927, was meticulously specific. It was purposely made so to correct the imperfections of the

---

[1] Not for publication.

[2] All italics herein are ours.

former claim of March 14, 1927. It fully complied with Treasury Regulation 60, art. 1304. It set out in detail under oath upon the prescribed form the facts relied upon to support it. It was definitely for depreciation upon buildings and machinery and for losses upon the accounts therein mentioned. The inclusion of these specific matters was equivalent to the exclusion of all others. The Commissioner had no authority to extend the statute of limitations by allowing claims for overpayment which were not presented to him until they were barred by limitations.

In United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 272, 51 S. Ct. 376, 377, 75 L. Ed. 1025, the court said: "The claim for refund which section 1318 makes prerequisite to suit, obviously relates to the claim which may be asserted by the suit. Hence, quite apart from the provisions of the Regulation, the statute is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded."

In Tucker v. Alexander, 275 U. S. 228, 231, 48 S. Ct. 45, 46, 72 L. Ed. 253, the court said: "Literal compliance with statutory requirements that a claim or appeal be filed with the Commissioner before suit is brought for a tax refund may be insisted upon by the defendant, whether the collector or the United States. Kings County Savings Institution v. Blair, 116 U. S. 200, 6 S. Ct. 353, 29 L. Ed. 657; Maryland Casualty Co. v. U. S., 251 U. S. 342, 353, 354, 40 S. Ct. 155, 64 L. Ed. 297; Nichols v. U. S., 7 Wall. 122, 130, 19 L. Ed. 125."

In Red Wing Malting Co. v. Willcutts, 15 F. (2d) 626, 634, 49 A. L. R. 459 (C. C. A. 8), the court said: "The precise ground upon which the refund is demanded must be stated in the application to the Commissioner, and we think, if that is not done, a party cannot base a recovery in the court upon an entirely different and distinct ground from that presented to the Commissioner."

See, also, Bemis Bros. Bag Co. v. U. S., 60 F. (2d) 944, 948 (C. C. A. 8).

We are not dealing with a situation wherein a refund claim was imperfectly presented before the statute of limitations had run, for the claim in controversy was not presented at all within that period.

The necessity for the requirement of the statute is obvious. The reasons for it have often been stated by the courts. A repetition would seem to be useless for the words of the statute "mark the conditions of the claimant's

right." U. S. v. Felt & Tarrant Mfg. Co., supra.

Plaintiff insists that the District Court erred in failing to find as a fact that plaintiff filed the revised claim of October 31, 1927. It was agreed that plaintiff did file this claim, but there was no reversible error in failing to find the fact because the finding would have been immaterial. The essential and insurmountable feature is that the demand upon which plaintiff's suit is founded as particularly reflected in the amendment to its declaration bore no relation whatever to the timely claim of October 31, 1927, and was not presented for consideration by the Commissioner until after the bar of the statute had fallen.

Affirmed.