### HAWKINS v. UNITED STATES.
### No. 6356.

District Court, W. D. Pennsylvania.
March 9, 1936.

Robert P. Smith, of Washington, D. C., for plaintiff.

Chas. F. Uhl, U. S. Atty., and Orris Bennett, Sp. U. S. Atty., both of Pittsburgh, Pa., for the United States.

SCHOONMAKER, District Judge.

This is a suit to recover an alleged overpayment of individual income tax for the year 1917. A jury trial was waived, and the case was heard on written stipulations of fact, plus certain oral testimony offered at the trial by the plaintiff.

It was agreed that the instant case was typical as to its issues of fact and law to those involved in five certain other cases heard at the same time, i. e., Citizens National Bank, Executor of the Estate of J. A. Baxendell, Deceased, v. United States, No. 6351 Law; Charles Butler v. United States, No. 6352 Law; Nettie Hawkins, Executrix, Estate of George L. Hawkins, deceased, v. United States, No. 6353 Law; W. W. Hawkins, Executor, Estate of James A. Hawkins, deceased, v. United States, No. 6354 Law; William Carroll, v. United States, No. 6355 Law; except as to slight differences in dates and figures, and that the decision and judgment in the instant case be followed in the five other cases.

Accordingly, in the instant case we make and file the following findings of fact and conclusions of law.

Findings of Fact.

The court adopts as its findings of fact the stipulations of fact signed by the parties and filed in the case.

Conclusions of Law.

The plaintiff is not entitled to recover and judgment will be entered for the defendant.

Opinion.

Briefly stated, the facts of the case are as follows:

March 30, 1918, plaintiff filed with the collector in this District an income tax return for the year 1917, showing tax liability of $2,751.16, which he paid June 12, 1918. In May, 1920, the Commissioner of Internal Revenue, upon audit and review of this return, found an additional tax to be due from the plaintiff of $402.98, and assessed the same against the plaintiff, who paid the same June 24, 1920. In January 1925, the Commissioner made an additional income tax assessment against the plaintiff for the year 1917 of $457.67, which the plaintiff paid on February 16, 1925.

During the year 1917 the plaintiff was a member of the partnership known as the Fredericktown Coal & Coke Company, holding a one-sixth interest therein; and these taxes were in part based on the income of that partnership.

A petition for redetermination of the income of the partnership involving the valuation of its coal properties as of March 1, 1913, having been filed with the United States Board of Tax Appeals, and that Board having decided in the latter part of the year 1928 that the excess profits tax

of the partnership for the year 1917 was $133,964.30, the Commissioner of Internal Revenue, on September 18, 1928, issued a certificate of overassessment to plaintiff allowing a deduction against his income from the partnership one-sixth· of the excess profits tax paid by the partnership. Such certificate shows the original assessment of $2,751.16 and the additional assessments in May, 1920, of $402.98, and in January, 1925, of $457.67, making a total assessment of $3,611.81. It further shows the correct tax liability of the plaintiff for that year to have been $1,100.18, which would make an overpayment in tax for that year of $2,511.63. Of this amount, $457.67 with interest was paid back to plaintiff, and the balance of $2,053.93 was disallowed because the plaintiff's claim to have it refunded was barred by the statute of limitations. Said $457.67 plus interest was paid by defendant to plaintiff on October 8, 1928.

March 15, 1923, plaintiff filed a general claim for refund of $2,751.16, representing 1917 income taxes paid by plaintiff prior to that time.

December 1, 1924, the Commissioner of Internal Revenue found a deficiency of tax assessment against plaintiff of $457.67, and in a letter to plaintiff notifying him of such tax deficiency, stated as follows: "In accordance with the above conclusion your claim for the refund of $2751.16 will be rejected for $2751.16."

Thereafter, in schedule of rejected claim No. 3367, dated March 18, 1925, appears the following:

"Assessment List

| month | year | page | line | Name and Address | Amount |
|---|---|---|---|---|---|
| June | 1918 | 1541 | 1882 | Hawkins, W. W. 1917 | $2751.16" |

April 4, 1928, plaintiff filed another claim for refund of $3,312.13, with interest.

December 24, 1929, plaintiff filed another income tax return for the year 1917, called an amended return, disclosing a tax liability of $1,100.18.

On February 25, 1924, December 16, 1926, and November 3, 1927, plaintiff filed with the Commissioner of Internal Revenue waivers of his right to have his taxes due for the year 1917 determined and assessed within five years after the filing of his tax return for the year 1917. This suit was filed August 6, 1930.

On these facts our conclusion is that the plaintiff cannot recover because his claim is barred by the statute of limitations.

The waivers filed by the plaintiff have no bearing upon any of the issues in this case, because none of them was filed within five years from the time the return for the taxable year is due.

█ Section 1014(a) of the Revenue Act of 1924 (43 Stat. 343) allowed the taxpayer two years after the rejection of the claim for refund to bring suit. Here the suit was not so brought; hence the claim is barred by this statute.

The plaintiff's claim of March 15, 1923, for refund was filed within the statutory time and was rejected. The Commissioner notified the plaintiff by letter of December 1, 1924, that "your claim for refund of $2751.16 will be rejected for $2751.16." And such rejection appeared in the schedule of rejections issued March 18, 1925.

█ The plaintiff's claim for refund, filed April 4, 1928, was timely only as to the tax of $457.67 paid February 16, 1925, because it was filed more than four years after all other payments, and cannot be considered as an amendment of the first claim for refund, for the reason that after a claim for refund has been rejected, it cannot be amended. United States v. Factors & Finance Co., 288 U.S. 89, 53 S.Ct. 287, 77 L. Ed. 633; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; Art Metal Construction Co. v. United States, 47 F.(2d) 558 (C.C.A.2d), certiorari denied 283 U.S. 863, 51 S.Ct. 655, 75 L.Ed. 1468.

█ Plaintiff contends that the rejection of its claim for refund of March 15, 1923, was not a final action by the Commissioner, because of the pendency of the petition of the partnership to the Board of Tax Appeals for a redetermination of partnership income, which appeal was not decided until 1928. We cannot agree with this contention. In our judgment, the signing of the rejection schedule by the Commissioner on March 18, 1925, constituted a final rejection of this claim for refund. United States v. Henry Prentiss & Co., 288 U.S. 73, 83, 53 S.Ct. 283, 77 L.Ed. 626; Savannah Bank & Trust Co. v. United States (Ct.Cl.) 58 F. (2d) 1068; Heebner v. United States (D. C.) 50 F.(2d) 904; Pacific Mills v. Nichols

(D.C.) 4 F.Supp. 738, 740. The fact that the plaintiff is not shown to have received notice of the signing of the rejection schedule will not extend the time for bringing suit. United States v. Michel, 282 U.S. 656, at pages 659, 660, 51 S.Ct. 284, 75 L. Ed. 598.

■ Nor can the fact that the Commissioner may have considered the second claim for refund filed after the bar of the statute of limitations benefit the plaintiff, because no action of the Commissioner could toll the statute, once the limitation had elapsed. Tucker v. Alexander, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253; Art Metal Construction Co. v. United States (C.C.A.) 47 F.(2d) 558; Bryant Paper Co. v. Holden (C.C.A.) 63 F.(2d) 370.

■ Then, too, the plaintiff's amended return filed on December 24, 1929, does not change the situation. Such a return will not permit the recovery of taxes paid on the original return, the recovery of which has already been barred by the statute of limitations. Maryland Casualty Co. v. United States, 251 U. S. 342, 354, 355, 40 S.Ct. 155, 64 L.Ed. 297; Zellerbach Paper Co. v. Helvering, 293 U. S. 172, 180, 55 S.Ct. 127, 79 L.Ed. 264.

■ The plaintiff offered in evidence at the trial certain alleged oral statements of plaintiff's representative, Hans Bode, to unidentified representatives of the Commissioner's office, but such statements have no evidential value as to claims for refund. Lowber Gas Coal Co. v. United States (Ct.Cl.) 3 F.Supp.

43; Ritter v. United States (C.C.A.) 28 F. (2d) 265.

We therefore conclude that under all aspects of this case, it must be held that plaintiff's right to recover is barred by the statute of limitations.

■ The plaintiff, however, contends that even if his claim is barred by the statute, he has a cause of action on a case stated, arising out of the certificate of overassessment issued to plaintiff September 10, 1928. This contention is not sound, because the Commissioner only admits liability to refund $457.67 and interest (which was paid to, and accepted by, the plaintiff) and states on the face of the certificate that $2,067.21 of the overassessment is barred by the running of the statute of limitations. So, therefore, accepting the account as stated in the certificate, there could be recovery only of $457.67. What we have here is really an account settled. American Steam Conveyor Corporation v. United States (Ct.Cl.) 10 F.Supp. 571; Toland v. Sprague, 12 Pet. (37 U.S.) 300, 335, 9 L.Ed. 1093; R. H. Stearns Co. v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647.

We can see nothing on which the plaintiff can recover. An order for judgment in favor of defendant, with costs, may be submitted.

Like findings of fact, conclusions of law, and an order for judgment may be submitted in each of the companion cases heard at the same time as this one.