## TENNESSEE CONSOLIDATED COAL CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 8387.

Circuit Court of Appeals, Sixth Circuit.

Feb. 6, 1941.

George E. H. Goodner, of Washington, D. C., for petitioner.

F. E. Youngman, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before HICKS, ALLEN, and ARANT, Circuit Judges.

HICKS, Circuit Judge.

Petition to review an order of the United States Processing Tax Board of Review, dismissing a petition for the determination upon its merits of a claim for refund of $177.45 taxes paid upon the processing of hogs, under the provisions of the Agricultural Act declared invalid January 19, 1936, in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914, the claim having been disallowed by the Commissioner of Internal Revenue. According to the petition, taxes were paid during the period from September 1933 to December 1935.

The refund claim was filed under the provisions of Title VII of the Revenue Act of 1936, Secs. 901–917, Ch. 690, 49 Stat. 1648, 7 U.S.C.A. §§ 623 note, 644–659, which authorized refunds of amounts so collected under certain conditions and limitations and prescribed the procedure to be followed. The Commissioner disallowed the claim upon the ground, that it contained no allegation or evidence that petitioner had borne the burden of the tax and had not shifted it to others; and that it afforded no basis for a determination of the incidence of the tax and failed to conform to the provisions of Sections 902 and 903 of the statute.

In its petition to the Board the petitioner not only took issue with the rulings of the Commissioner but insisted that the Com-

missioner erred in not holding that Sections 902 and 903 of Title VII of the Revenue Act of 1936 were unconstitutional in so far as they purported to condition refund upon proof that the taxpayer had borne the burden of the tax. The Board dismissed the petition upon the ground that the refund claim failed to comply with the provisions of the Act here involved and of the Treasury Regulations promulgated thereunder.

Our question is, whether the order of dismissal was justified.

It is provided by Sec. 902 that before the claimant is entitled to any refund he is required to establish to the satisfaction of the Commissioner in accordance with the prescribed regulations, or to the satisfaction of the Board, that he has borne the burden of the tax and has not been relieved thereof nor reimbursed therefor, nor shifted such burden directly or indirectly in the manner set out in Sec. 902(a, b). As a further prerequisite to the allowance of the claim, Sec. 903 requires that the claim should be filed "in accordance with the regulations prescribed by the Commissioner with the approval of the Secretary. All evidence relied upon in support of such claim shall be clearly set forth under oath." Article 201 of applicable Treasury Regulation 96 provides that the claim for the refund of such tax shall be made on prescribed forms and be prepared in accordance with the instructions contained thereon and with the provisions of the regulations.

It must be kept in mind that the Government has a right to determine for itself [United States v. Michel, 282 U.S. 656, 659, 51 S.Ct. 284, 75 L.Ed. 598; Dismuke v. United States, 297 U.S. 167, 171, 56 S.Ct. 400, 80 L.Ed. 561] by law and by proper regulations which have the force of law [Maryland Cas. Co. v. United States, 251 U.S. 342, 349, 40 S.Ct. 155, 64 L.Ed. 297] the conditions upon which it consents to refund the tax and it is just as clear that petitioner has not complied with the prerequisite conditions.

The refund claim was filed by the Board as Exhibit B to the petition. It was on P. T. Form 79 prescribed by the regulations but the form was not followed. In the printed affidavit stating the essential elements of the claim the petitioner elided the following paragraph: "4.(a) That the amount of the burden of the processing tax

on the processing of the commodity named above which was borne by the claimant as set forth in column 2 above is true and correct; that the claimant has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, (1) through inclusion of such amount by the claimant, or by any person directly or indirectly under his control, or having control over him, or subject to the same common control, in the price of any article processed from such commodity; (2) through reduction of the price paid for such commodity; or (3) in any manner whatsoever; and that no understanding or agreement, written or oral, exists whereby he may be relieved of the burden of such amount, be reimbursed therefor, or may shift the burden thereof; and (b) that the data and statements submitted in and made a part of Schedule D are true and correct".

In the space calling for computation and comparison of the average margin before, during and after the tax period to indicate the burden of the tax actually borne by it, the petitioner answered, "No such information available." In the space provided for a "Statement of Facts" tending to establish that it had borne the burden of the tax, the petitioner wrote,—

"It is impossible to determine and prove how much of the tax, if any, was not absorbed by the taxpayer.

"Taxpayer demands refund of the entire amount paid because the Supreme Court has held that it was illegally assessed and collected and because any attempt to condition or restrict the refund thereof, by requiring proof that the tax was absorbed by taxpayer, is unconstitutional and void."

■ It is too clear for extended discussion that petitioner did not file a "complete claim" as required by Article 202 of the applicable regulations. It struck from the form matters of substance which the regulations require and which the Commissioner had a right to insist upon. It has failed to set forth clearly under oath any evidence upon which it relies in support of the claim. We think therefore that the order of the Board dismissing the petition upon the grounds indicated was clearly right. United States v. Felt & Tarrant Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; Tucker v. Alexander, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253; Maryland Cas. Co. v. United States, supra; Kings County

Savings Institution v. Blair, 116 U.S. 200, 6 S.Ct. 353, 29 L.Ed. 657; Nichols v. United States, 7 Wall. 122, 130, 19 L.Ed. 125; Lee Wilson & Co. v. Com'r, 8 Cir., 111 F.2d 313, 317.

But petitioner insists, the validity of the claim for refund to one side, that its petition to the Board stated a good cause of action which should have been heard upon its merits.

■ The petition averred in substance that petitioner had borne the burden of the tax and had not been relieved therefrom or reimbursed therefor and had not shifted the burden directly or indirectly to others and that its claim for refund had been disallowed by the Commissioner. We need not further recite the averments of the petition for the Board was without authority to entertain it. It had no original jurisdiction. By Sec. 906(b) of the Act jurisdiction is conferred upon it "to review the allowance or disallowance of the Commissioner of a claim for refund, and to determine the amount of refund due any claimant with respect to such claim * *"; and by Sec. 906(c) the petitioner upon its request is entitled to a hearing on the merits of his claim in whole or in part. The terms "claim" or "claim for refund" mean of course a valid claim under the statute and this only. See Lee Wilson & Co. v. Com'r, supra.

Finally, it is urged that Title VII of the Revenue Act of 1936 is unconstitutional, in so far as it conditions a refund upon a showing that a taxpayer bore the burden of the tax when such proof is not available. Just what particular provision of the Constitution is thus violated is not pointed out.

■ But the petition which we are urged to consider without reference to the claim for refund does not aver "that such proof is not available." The statement in the claim to the effect that "it is impossible to determine and prove how much of the tax, if any, was not absorbed by the taxpayer" and the further statement "no such information available" were mere conclusions or inferences which the petitioner could not determine for itself. The question of "impossibility" or "availability" of proof was one for the reviewing authorities under a proper claim. "Constitutional questions are not to be decided hypothetically." See Anniston Mfg. Co. v. Davis,

301 U.S. 337, 353, 57 S.Ct. 816, 823, 81 L. Ed. 1143.

The order sought to be reviewed is affirmed.[1]

---

[1] Judge Arant concurred in the conference conclusion in this case but died before the opinion was prepared.