**Walter W. FLORA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 5502.

United States Court of Appeals Tenth Circuit.

July 1, 1957.

A. G. McClintock, Cheyenne, Wyo., for appellant.

John N. Stull, Washington, D. C., (Charles K. Rice, Asst. Atty. Gen., A. F. Prescott and David O. Walter, Attorneys, Department of Justice, Washington, D. C., and John F. Raper, Jr., U. S. Atty., Cheyenne, Wyo., on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

By complaint filed in the United States District Court for the District of Wyoming, plaintiff Flora[1] sought recovery of the sum of $5,058.54 paid to the government in partial satisfaction of a deficiency personal income tax assessment for the year 1950 in the amount of $27,251.13. Taxpayer alleged the deficiency to be erroneously assessed and the payment to be illegally collected because of

1. Hereinafter called the taxpayer.

a determination by the Commissioner of Internal Revenue that certain losses occurring to the taxpayer during the tax period and reported by him as ordinary losses were properly capital losses within the meaning of that term as defined by sec. 117(a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 117(a) (1).

Jurisdiction is alleged to exist under the provisions of 28 U.S.C.A. § 1346.[2] Responding to the complaint, the government alleged that the action could not be maintained in the District Court because the entire amount of the assessment had not been paid and, without waiving this special defense, counterclaimed for the unpaid balance. The District Court denied the special defense[3] but entered judgment upon the merits for the government on its counterclaim.

We are of the opinion that determination of a single question is dispositive of the case: Can a taxpayer maintain a personal income tax refund suit in the District Court without first paying the entire amount of the tax assessed for the period in question?

██ Beginning with the comments of Mr. Justice Miller in Cheatham v. United States, 92 U.S. 85, 23 L.Ed. 561, and continuing through many decisions,[4] the Supreme Court has consistently indicated that full payment of a tax deficiency is a prerequisite to a judicial claim for refund. And such has been the established policy of our tax system.[5]

In 1924, Congress, recognizing both the desirability of maintaining a minimum of judicial interference with the collection of taxes and the concomitant hardship imposed on taxpayers by an inflexible "pay first, litigate later" rule, established the Board of Tax Appeals (now the United States Tax Court) as a place where the validity of a tax assessment could be initially questioned. In creating the Board of Tax Appeals the House Committee on Ways and Means stated:

"(H.Rep. No. 179, 68th Cong., 1st Sess., pp. 7–8 (1939) 1 Cum.Bull. (Part 2) 241, 246–247):

"The committee recommends the establishment of a Board of Tax Appeals to which a taxpayer may appeal prior to the payment of an additional assessment of income, excess-profits, war-profits, or estate taxes. Although a taxpayer may, *after payment of his tax,* bring suit for the recovery thereof and thus secure a judicial determination of the questions involved, he cannot, in view of section 3224 of the Revised Statutes, which prohibits suits to enjoin the collection of taxes, secure such a determination prior to the payment of the tax. The right of ap-

2. Section 1346 provides, in part:
   "(a) The district courts shall have original jurisdiction. concurrent with the Court of Claims, of: (1) (As amended by Sec. 1, Act of July 30, 1954, c. 648, 68 Stat. 589) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws * * *."

3. 142 F.Supp. 602. The trial judge, although indicating he thought the defense meritorious, deemed it better practice to reserve the question for this court in view of what he considered a conflict between the circuits. See Suhr v. United States, 3 Cir., 18 F.2d 81; Bushmiaer v. United States, 8 Cir., 230 F.2d 146.

4. Kings County Savings Institution v. Blair, 116 U.S. 200, 6 S.Ct. 353, 29 L.Ed. 657; Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557; Graham v. Du Pont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965; Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; United States v. Jefferson Electric Mfg. Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859; Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248.

5. For a discussion of the historical development of this policy see the opinion of Woodrough, Circuit Judge, dissenting in Bushmiaer v. United States, supra.

peal after payment of the tax is an incomplete remedy, and does little to remove the hardship occasioned by an incorrect assessment. The payment of a large additional tax on income received several years previous and which may have, since its receipt, been either wiped out by subsequent losses, invested in non-liquid assets, or spent, sometimes forces taxpayers into bankruptcy, and often causes great financial hardship and sacrifice. The results are not remedied by permitting the taxpayer to sue for the recovery of the tax after this payment. He is entitled to an appeal and to a determination of his liability for the tax prior to its payment." (Emphasis supplied.)

Since the establishment of the tax court the distinctive purpose of its creation has been judicially recognized and its intended powers guarded. In Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 721, 49 S.Ct. 499, 501, 73 L.Ed. 918, the Supreme Court stated:

"The Board of Tax Appeals, established by section 900 of the Revenue Act of 1924, tit. IX, c. 234, 43 Stat. 253, 336 [26 U.S.C.A. Int.Rev.Acts], was created by Congress to provide taxpayers an opportunity to secure an independent review of the Commissioner of Internal Revenue's determination of additional income and estate taxes by the Board in advance of their paying the tax found by the Commissioner to be due. Before the act of 1924 the taxpayer could only contest the Commissioner's determination of the amount of the tax after its payment."

And in Dobson v. Commissioner, supra, the court stated [320 U.S. 489, 64 S.Ct. 247]:

"Congress has invested the Tax Court with primary authority for redetermining deficiencies, which constitutes the greater part of the tax litigation. This requires it to consider both law and facts. Whatever latitude exists in resolving questions such as those of proper accounting, treating a series of transactions as one for tax purposes, or treating apparently separate ones as single in their tax consequences, exists in the tax court and not in the regular courts."

■ In view of such consistent statements of the Supreme Court and the actual wording of sec. 7422 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7422,[6] we are not impressed with the argument that the instant suit is but a claim for refund for an amount of tax actually paid and does not include a review of the total assessment or the remaining deficiency not paid. Such approach is unrealistic and serves only to conveniently defeat the established purpose and function of the tax court.

■ Taxpayer's complaint wherein it affirmatively appeared that only a partial payment upon a deficiency assessment, had been made failed to state a claim. The government, apparently content with the deficiency assessment, does not contend that its judgment upon counterclaim should be sustained independently.

The cause is remanded to the District Court with directions to vacate the judgment of the government upon its counterclaim and to dismiss the action without prejudice.

6. "Civil actions for refund
   "(a) No suit prior to filing claim for refund.—"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, * * *."