Robert B. ANDERSON and Laurence Sovik, as Executors of the Estate of Eleazer Wells Edwards, Plaintiffs,

v.

Alva M. MYERS, District Director of Internal Revenue, Defendant,

and

The United States of America, Intervenor.

Civ. No. 6473.

United States District Court
N. D. New York.

Oct. 15, 1958.

Smith & Sovik, Syracuse, N. Y., for plaintiffs, Laurence Sovik, William J. Mackay, Robert B. Anderson, Syracuse, N. Y., of counsel.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., for defendant, Charles K. Rice, Asst. Atty. Gen., James P. Garland, Stanley A. Brons, Dept. of Justice, Washington, D. C., Kenneth P. Ray, Asst. U. S. Atty., Syracuse, N. Y., of counsel.

FOLEY, District Judge.

This suit to recover income taxes allegedly assessed improperly and illegally by the District Director was tried by the Court, the minutes transcribed and briefs filed. Because of the admitted fact that the plaintiff executors had not paid the full tax upon the deficiency assessment but only partial payment decision was withheld pending determination by the United States Supreme Court of a similar situation in which certiorari had been granted. This case, Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165, now establishes unequivocally that full and entire payment of the assessment must be made before a suit of this kind can be maintained in the District Court.

Therefore, this suit falls for failure to state a claim under the reasoning of the Flora case. The only question open is the claim of the government by its complaint in intervention for the unpaid balance upon the assessment. The record of the trial discloses that the plaintiffs admitted that this amount demanded by the government was unpaid and "the mechanics of assessment was properly done." (Tr. 132). Here, the government presses its claim for independent judgment although in the Flora case in the Court of Appeals, Tenth Circuit, 246 F.2d 929, 931, it was stated: "The government, apparently content with the deficiency assessment, does not contend that its judgment upon counterclaim should be sustained independently."

However, I think under the reasoning of the Flora case the government, by its process and position herein, is entitled to the independent judgment. The failure to pay in full, in my judgment, necessarily encompasses the right to litigate the so-called set-off which is quite akin to the affirmative relief. The intervention apparently is one of right under Rule 24(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to which the plaintiffs made answer and is supported by independent jurisdiction. See 28 U.S.C.A. § 1396; Lesnik v. Public Industrials Corp., 2 Cir., 144 F.2d 968, 973; Hunt Tool Co. v. Moore, Inc., 5 Cir., 212 F.2d 685, at pages 687–688; Magdoff v. Saphin Television & Appliance, Inc., 5 Cir., 228 F.2d 214.

Judgment may enter dismissing the complaint of the plaintiffs as a matter of law, and independent judgment may enter in favor of the United States of America for the amount demanded against the plaintiffs in its complaint of intervention. A proposed judgment to such effect shall be submitted by the attorneys for the government with a three-day notice of settlement to the attorneys for the plaintiffs. See Matteson v. United States, 2 Cir., 240 F.2d 517; United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721.