### REID v. RAFFERTY, Collector of Internal Revenue.

(Circuit Court of Appeals, Second Circuit. November 3, 1926.)

No. 47.

**Internal revenue ⬤⇒7(17).**

Under Revenue Act Sept. 8, 1916, §§ 2, 8 (e), being Comp. St. §§ 6336b, 6336h, and section 29, added by Act Oct. 3, 1917, § 1211 (Comp. St. § 6336yy), individual, in determining income tax, may credit net income, with proportionate share of excess profits tax paid by partnership under Revenue Act Oct. 3, 1917, § 201 (Comp. St. § 6336⅜b).

In Error to the District Court of the United States for the Eastern District of New York.

Suit by William C. Reid against John T. Rafferty as Collector of Internal Revenue. Judgment for defendant (4 F.[2d] 749), and plaintiff brings error. Reversed, and new trial ordered.

During the calendar year 1917 Reid was

a member of two copartnerships, each of which, in the spring of 1918, filed a return of partnership excess profits and paid thereupon what is commonly known as the excess profits tax for 1917. Of the taxes so paid, Reid's proportionate share, according to his allotment of the partnership profits, amounted to upwards of $25,000.

Reid also, during the same spring of 1918, filed his personal income tax return, covering the calendar year 1917. He therein credited his net income with his proportionate share of the excess profits taxes paid by the partnerships to which he belonged for the year 1917.

Some years subsequently the Commissioner of Internal Revenue disallowed this credit, and assessed an additional income tax against Reid in respect of the $25,000 credit so claimed by him in 1918. He paid this tax under protest and brought this suit to recover the same. The collector moved for judgment on the pleadings, which was granted, whereupon this writ was brought.

Macklin, Brown, Lenahan & Speer, of New York City (Pierre M. Brown, of New York City, of counsel), for plaintiff in error.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y., and Floyd F. Toomey, Sp. Atty., Bureau of Internal Revenue, and A. W. Gregg, Gen. Counsel, both of Washington, D. C., for defendant in error.

Before HOUGH, MANTON, and MACK, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The record before us consists of the pleadings. We are not assisted by any reports of committees in respect of the statute sections involved. Title 2 of the Act of October 3, 1917 (Comp. St. § 6336⅜a et seq.), created a "war excess profits tax." Section 201 laid the tax by saying: "That in addition to the taxes under existing law and under this act there shall be levied, assessed, collected, and paid for each taxable year upon the income of every * * * partnership, * * * a tax." Comp. St. § 6336⅜b.

That is to say, the excess profits tax was laid upon the income of the partnership; it was due and payable by the partnership before any distribution could lawfully be made to the several partners, and while doubtless it attached, like other partnership liabilities, to the partners individually, the important point is that no partner could lawfully take as his income more than what was left to the partnership by way of income after the payment of the excess profits tax.

Income tax on individuals for the year 1917 was provided for by the Act of September 8, 1916 (39 Stat. 756). By section 2 the net income of a taxable individual included specifically "gains, profits, and income, derived from * * * businesses, * * * or the transaction of any business carried on for gain or profits." Comp. St. § 6336b.

Under section 8e (page 762 [Comp. St. § 6336h]), "persons carrying on business in partnership shall be liable for income tax only in their individual capacity, and the share of the profits of the partnership to which any taxable partner would be entitled if the same were divided, whether divided or otherwise, shall be returned for taxation and the tax paid under the provisions of this title."

Then immediately follows a list of exclusions from income derived from partnership profits, thus: "From the net distributive interests on which the individual members shall be liable for tax" there shall be excluded "their proportionate shares" received from bonds of the several states or of the United States, and also their proportionate share of profits derived from dividends.

Thus the act of 1916 specifically provided for certain deductions to be made from income derived from partnership profits before arriving at that net income upon which the individual partner must pay income tax. When the act of 1917, supra, created the war excess profits tax, the same statute by title 12 (40 Stat. 329) introduced amendments into the Income Tax Law of 1916, supra, and one of the amendments introduced (part 3, general administrative provisions) was to add certain new sections (40 Stat. 336), one of which sections reads thus:

"That in assessing income tax the net income embraced in the return shall also be credited with the amount of any excess profits tax imposed by act of Congress and assessed for the same calendar or fiscal year upon the taxpayer, and, in the case of a member of a partnership, with his proportionate share of such excess profits tax imposed upon the partnership." Comp. St. § 6336yy.

Considering the sequence of events, viz. that in the fall of 1917, when Congress was providing for revenue to meet the expenses of the war, there was already an income tax, that in the income which was to be taxed was included partnership profits, and that into this system of taxation the act of 1917 introduced a new tax, that upon excess profits, which preceded and reduced all income lawfully derivable by partners from their part-

nership, it seems to us that the meaning of the statutes is too plain for discussion.

The contention of the government's brief is that Reid "had the benefit of this credit (i. e., the benefit referred to in the statute last quoted) when the partnership income was credited with all excess profits taxes," in what is departmentally known as the "information tax return" of the partnership itself. It seems to us that this begs the whole question, which is what credits, deductions, or exemptions is Reid entitled to, and Reid, the individual, never had any deductions quoad his income in the excess profits tax, and all that the information tax return did say or could say was that the partnership income of Reid and his partners was so much, *after the payment of the excess profits tax.*

The point seems to be without precedent, but to us it is plain that under the act of 1916 there were certain deductions or credits to which the individual taxpayer was entitled in respect of income derived from a partnership before stating his taxable income. Then came the excess profits tax, which in effect diminished his partnership income, and cotemporaneously with the laying of this burden the Congress permitted the partner to credit or deduct from his taxable income the excess profits tax. It is quite useless to speculate on legislative motives, but it may be permissible to observe that, considering the size of the new tax of 1917, some reason appears for lessening the existing burden of income tax. But it is enough for us that we are persuaded that the letter of the law is plainly in favor of plaintiff in error.

Judgment reversed, with costs, and new trial ordered.