### STATON v. UNITED STATES.
No. 1868.

District Court, N. D. Oklahoma.
Jan. 28, 1935.

Vern E. Thompson and Loyd E. Roberts, both of Joplin, Mo., for plaintiff.

C. E. Bailey, U. S. Dist. Atty., and Chester A. Brewer, Asst. U. S. Dist. Atty., both of Tulsa, Okl., for the United States.

FRANKLIN E. KENNAMER, District Judge.

Plaintiff seeks to recover an overassessment of income tax for the year 1925, in the amount of $3,810.50, with interest. The taxpayer, for whose estate this action is maintained, filed a tentative tax return for the year 1925, filed a completed return August 20, 1927, and paid the tax found due; waivers of assessment were signed by the taxpayer extending the period of limitations for the year 1925 to December 31, 1930. On September 17, 1928, a report was made to the collector recommending the assessment of additional taxes for the year 1925 in the sum of $9,917.05, based upon an increase in mining royalties in the amount of $40,-793.97 over and above the amount reported by the taxpayer for that year. A sworn protest was executed November 20, 1928, in which the taxpayer claimed an exemption on account of marriage, and in which it was claimed that the above sum was not received in the year 1925, and further that a depletion allowance of $41,304.95 was due. Subsequently, a field conference was held and a report submitted as of February 25, 1929, recommending the allowance of the exemption claimed, and recommending that depletion be allowed on lead and zinc mining royalties claimed on discovery value instead of on cost, as allowed by the field examiner. On that date, the taxpayer consented to the findings of the report of September 17, 1928, subject to the adjustment with reference to the claimed exemption and the depletion claim. On August 31, 1929, the Bureau of Internal Revenue wrote the taxpayer, and asserted a deficiency of $1,074.13, resulting from an increase in the reported income shown in the letter. On September 11, 1929, the taxpayer acquiesced in the determination of the letter of August 31, 1929, with the exception of the question of depletion allowances, and in which the taxpayer submitted an engineer's report, wherein he made additional claims for new discoveries for depletion purposes. On November 26, 1929, the Commissioner advised the taxpayer that a review of the report submitted by the Internal Revenue agent for the years 1925 and 1926, indicated a net deficiency in tax of $1,129.10, based on adjustment in depletion and legal expenses. It also indicated the possibility of overassessment for those years, and suggested that unless a waiver was filed it would be necessary to issue a final notice, and that a refund claim should be filed on form 843, and that copies of the letter be attached to such refund claim. On December 9, 1929, the taxpayer filed a claim for refund for the year 1925, to which the letter of November 26, 1929, was attached. The claim, as prepared by the taxpayer, contained the following statement: "This claim for refund is filed to protect my interests in the event a final settlement of my taxes for 1925 and 1926 computes a refund, as per your letter attached." The taxpayer's tax liability was considered by the Com-

missioner of Internal Revenue until December 26, 1930, when the taxpayer was advised of the rejection of his claim for refund, and a deficiency tax for the year 1925 of $9,879.54 was asserted. The letter stated that the reports of the Internal Revenue agent had been examined and approved, except the entire amount of depletion claimed for the year 1925 in the amount of $41,304.95, had been disallowed, instead of $4,793.97, as advised by the agent, since no cost basis had been shown to the donor, and that by reason thereof no basis for depletion at the time of transfer could pass to the taxpayer. The letter of rejection made no objection or mention as to the form, indefiniteness, or insufficiency of the claim. Thereafter, the taxpayer appealed to the Board of Tax Appeals, and as the basis of his complaint set forth the refusal of the Commissioner to allow the depletion claimed for the year 1925. The taxpayer's liability for the years 1925, 1926, 1927, and 1928 were all in suit before the Board of Tax Appeals at the same time, and suits for all these years were pending when conferences were had between the plaintiff and the Special Advisor's Committee, which resulted in the execution of a compromise stipulation by which plaintiff withdrew his claim for loss on certain properties for his 1928 claim, and by which the government agreed to allow them for 1925, with the result that the Special Advisor's Committee found that there had been an overpayment for the year 1925 of $3,810.50. The Advisor's Committee's report was approved by the Commissioner and a stipulation was filed with the Board of Tax Appeals, stipulating an overpayment of such amount. On October 22, 1931, as per stipulation, the Board of Tax Appeals rendered its decision in such amount in favor of the plaintiff.

On November 6, 1931, an amended claim for refund was filed by the taxpayer for the amount overpaid. On December 23, 1931, the Internal Revenue collector advised the taxpayer that his claim would be rejected on the ground that the basis of the overassessment was not covered by the claim filed December 9, 1929, and that since the statute of limitations had expired prior to the filing of the petition no payment could be made.

■ The Special Advisor's Committee advised the Bureau that the basis of overassessment was not covered by the claim of the taxpayer filed December 9, 1929, and the statute of limitations (26 USCA § 157) had expired prior to the filing of the petition of December 19, 1931. The government contends that when the taxpayer was advised of the rejection of his claim, and the 60-day letter was sent to the taxpayer asserting the deficiency and attempting to collect the deficiency tax, that the first claim of the taxpayer was finally rejected, and that it was then necessary for the taxpayer to either pay the deficiency or appeal from the decision to the Board of Tax Appeals; that the taxpayer, having perfected the appeal, prayed only for a depletion allowance for the year 1925, in the approximate sum of $41,000, having appealed only to prevent paying the deficiency tax, and not to obtain a refund. It is also asserted that losses on investments were asserted before the Board of Tax Appeals, but were never claimed by the taxpayer in his claim for refund, and that the overassessment involved in the case came about by reason of the allowance of losses in investments being adequate for the year 1925. It is asserted that the appeal to the Board was filed after the period of limitations had expired, and that the original claim was not amended, but constituted the filing of a second claim for refund, being filed after the period of limitations had expired. The government further contends that the original claim, having been rejected by reason of the deficiency claim of the government, it could not be amended, and, further, that the first claim for refund was in fact no claim because of its indefiniteness. It has been held that a claim for refund must be sufficiently definite to inform the Commissioner of the claim to be adjusted. Phœnix Glass Co. v. United States (D. C.) 34 F.(2d) 217; National Fire Insurance Co. v. United States (Ct. Cl.) 52 F.(2d) 1011; Cf. United States v. Felt & Tarrant Manufacturing Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025.

■ The only question presented for determination is whether a timely and sufficient claim was filed, which will support recovery in this action. The amount is not in dispute, and the action is for the recovery of an admitted overpayment of income tax for the year 1925. There can be no question but that a refund can be made to a taxpayer who has made an overpayment, only if claim for refund on petition to the Board has been timely filed. If plaintiff is entitled to recovery herein, it must be by reason of him having filed a claim for refund within the prescribed period. The original claim was filed within the period of limitations; the parties differ as to whether the subsequent claim constituted a new claim or an amendment to the original. It has been held that a claim which

has been rejected, and is not in existence as a claim before the Commissioner, cannot be amended, Sugar Land Railway Co. v. United States (Ct. Cl.) 48 F.(2d) 973; but even after a claim has been rejected it may be reconsidered by the Commissioner within the time when suit could have been brought by the taxpayer on account of rejection. William E. Jones et al. v. United States (Ct. Cl.) 5 F. Supp. 146; Youngstown Sheet & Tube Co. v. United States (Ct. Cl.) 7 F. Supp. 290, 294.

▮ It has also been determined that a claim which assigns a specific ground for recovery, as deductions from gross income, may be amended or supplemented after the statute has run for filing a new claim, but before the Commissioner has finally acted on the original claim, in order to permit a taxpayer to claim additional deductions and to secure a greater refund than would have been permitted on account of specific grounds assigned in the original claim. Youngstown Sheet & Tube Co. v. United States, supra. In the instant case, specific grounds for recovery were not asserted, but a general claim was before the Commissioner. The United States Supreme Court, in United States v. Memphis Cotton Oil Co., 288 U. S. 62, 53 S. Ct. 278, 77 L. Ed. 619, held that a timely, indefinite, and general claim, defective under the Commissioner's regulations on both grounds, could be amended before rejection by the Commissioner, even if such amendments were made after the statute of limitations had run for filing a new claim for refund, and, in United States v. Factors & Finance Co., 288 U. S. 89, 53 S. Ct. 287, 77 L. Ed. 633, the same rule was held applicable to a timely, general claim which challenged the correctness of the tax, but assigned no specific basis for recovery. See, also, Bemis Bros. Bag Co. v. United States, 289 U. S. 28, 53 S. Ct. 454, 77 L. Ed. 1011; United States v. Humble Oil & Refining Co. (C. C. A.) 69 F.(2d) 214; United States Paper Exports Association v. Bowers (D. C.) 6 F. Supp. 735; McKeever v. Eaton (D. C.) 6 F. Supp. 697; Mutual Chemical Co. of America v. United States (Ct. Cl.) 5 F. Supp. 550; American Security & Trust Co. v. Tait (D. C.) 5 F. Supp. 337. The Commissioner of Internal Revenue has the power to waive defects in a claim for refund. Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253; Bonwit Teller & Co. v. United States, 283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018. It is my view that the cited cases, and the principles established by them, are controlling in the

instant action. The principle announced in Youngstown Sheet & Tube Co. v. United States, supra, in my opinion extends the proposition announced by the United States Supreme Court, but the doctrine appears reasonable. It is not necessary to go beyond the decisions of the United States Supreme Court in the cases cited herein for the determination of the instant case. It can make no difference that the Commissioner of Internal Revenue had rejected the claim of the taxpayer, which had been timely filed, by advising him of a deficiency, if, as the evidence discloses, the claim was reconsidered by the Commissioner, and, upon reconsideration a stipulation was entered into allowing an overpayment for the year 1925, which had the approval and sanction of the Commissioner of Internal Revenue. It is assumed that the stipulation was made in good faith; that the government considered an overpayment for the year 1925. It is unnecessary to ascertain what rights the taxpayer gave up with respect to his taxes for the years subsequent to 1925, then pending before the Board of Tax Appeals. Undoubtedly, when an overassessment was agreed to by the collector, and an order to that effect was made, it was contemplated that the taxpayer should be paid the overassessment, and the action of the collector with respect to the stipulation and the agreed overpayment clearly shows that a reconsideration of the claim for refund had been made subsequent to the rejection. Therefore, the rejection theretofore made in effect was withdrawn, and the claim for refund was still pending before the Commissioner. No objection was made by the collector that the original claim was invalid because of it being indefinite and general, and, it having been amended before it was finally rejected, plaintiff is entitled to recover thereon.

Certainly the government was not prejudiced by reason of the filing of the indefinite and general claim, and neither was it prejudiced by the subsequent amendment. The action of the collector in approving the stipulation for the overpayment was based upon the report of the Advisor's Committee, which committee examined the taxpayer's record, and determined therefrom the liability of the taxpayer for taxes, as well as the overassessment and overpayment. The whole matter was before the Commissioner in the report filed by the Advisor's Committee, and no more definite information could have been given the collector by a definite or specific claim for refund. The Court of Claims in Youngstown Sheet & Tube Co., v. United States, supra, em-

ployed the following language in passing upon a case involving similar facts, as follows: "It is apparent that amplification or amendment of the original timely claim was permissible under the circumstances and in the manner carried out by plaintiff prior to final action by the Commissioner in September, 1929. There is no question that the plaintiff has overpaid its 1922 taxes; that the amount so overpaid should be returned; that a timely formal claim was before the Commissioner; that every item in the amended claim was acted upon and well known to the Commissioner before the amended claim was filed; that the Commissioner was not taken by surprise by the second claim when he took action on both claims; and that all the equities are with the plaintiff. Only by a narrow construction of the right to amend can the plaintiff be debarred from recovery. Such a construction is not justified in the circumstances of this case. Our conclusion is supported, not only by the group of three Supreme Court decisions referred to in detail above, but also by two more recent decisions, Bemis Bros. Bag Co. v. United States, 289 U. S. 28, 53 S. Ct. 454, 77 L. Ed. 1011, and George Moore Ice Cream Co., Inc., v. Rose, 289 U. S. 373, 53 S. Ct. 620, 77 L. Ed. 1265, as well as by the decision of the Circuit Court of Appeals for the Fifth Circuit in United States v. Humble Oil & Refining Co., 69 F.(2d) 214, decided February 14, 1934. The only decision which we find which might be considered opposed to our conclusion is that of Bryant Paper Co. v. Holden (C. C. A.) 63 F.(2d) 370, rehearing denied (C. C. A.) 65 F.(2d) 1012, and certiorari denied [290 U. S. 631] 54 S. Ct. 49, 78 L. Ed. 549, but an examination of the opinion would indicate that the result was apparently reached because of the view of the court that the second claim appeared in the record as an independent demand entirely unrelated to the first claim."

It is therefore my opinion that plaintiff is entitled to recover the agreed overpayment for the year 1925.

Judgment may be entered for plaintiff for $3,810.50.