CON. P. CURRAN PRINTING CO. v.
UNITED STATES.

No. J–657.

Court of Claims.

June 1, 1936.

154

Leo H. Hoffman, of New York City (Robert W. Knox and Hoffman & Knox, all of New York City, on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The plaintiff is a corporation engaged in the printing business, specializing in printing forms commonly used by railroads. The action is begun to recover a refund of a part of the income and excess profits taxes for the years 1917 and 1918. The case is divisible into two parts. One part relates only to the year 1917 and is based upon the claim that the Commissioner erred in refusing to allow a deduction for depreciation of the leasehold in 1917 on the ground that no timely claim for refund was filed. The other part involves both of the years 1917 and 1918 and is based on the claim that the Commissioner, in determining the amount of plaintiff's invested capital for those years, refused to allow the labor cost of composition of standing type and forms.

Plaintiff paid its tax for 1917, as shown due by the original return, on May 28, 1918. On January 15, 1923, plaintiff filed a claim for refund, the basis of which is set out in full in finding 3, from which it will be seen that one of the items for which claim was made was, "Inadequate depreciation taken on the return, $17,641.30." In this claim plaintiff also sought to have invested capital as set out in the Commissioner's proposed determination increased in various ways, one of which was in the amount of $235,478.60 on account of the alleged cost of standing type and forms. January 20, 1925, plaintiff filed a protest with the Commissioner in connection with the proposed action of the Commissioner on its returns and claims for refund for 1917, in which plaintiff requested that it be given a deduction in addition to those previously requested for exhaustion of the March 1, 1913, value of the leasehold; and on April 1, 1925, plaintiff filed a further claim for refund for 1917 in which it was stated that this claim did not supersede but was supplemental to the claim filed about January 13, 1923, and "more specifically, this claim is based upon additional depreciation or exhaustion allowable on a leasehold or lease not heretofore recognized by the Department for depreciation purposes."

November 18, 1926, after consideration of the case as it then stood, the Commissioner issued a certificate of over-assessment for 1917 in favor of plaintiff in the amount of $7,727.95 for which plaintiff received credit on other taxes. The Commissioner, however, refused to allow deduction for depreciation or amortization of the value of leasehold, holding that a timely claim for refund on account of that item had not been filed.

It will be observed that the claim for depreciation on leasehold was not brought to the attention of the Bureau until January 20, 1925, and was not specifically mentioned in the claim until April 1, 1925; both dates being after the period of limitation had run.

There may be some question whether the expression "taken on the return," used

in the second claim for refund which was filed in time, refers to depreciation matters generally or only to those of the kind mentioned in the return, but we do not find it necessary to pass on this point. In Youngstown Sheet & Tube Co. v. United States, 7 F.Supp. 290, 79 Ct.Cl. 683, a similar state of facts was presented. The plaintiff based its original claim for refund on the failure to allow specific deductions from gross income and it was held that the claim could be amended after the statute had run to include other claimed reductions in income when the amendment was filed before the claim had been finally acted upon by the Commissioner, and reconsideration thereof resulted in a new audit of the entire case showing an overpayment. The decision in the Youngstown Case, supra, was made after the Supreme Court had decided United States v. Henry Prentiss & Co., 288 U.S. 73, 53 S.Ct. 283, 77 L.Ed. 626; United States v. Factors & Finance Co., 288 U.S. 89, 53 S.Ct. 287, 77 L.Ed. 633; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; and Bemis Bros. Bag Co. v. United States, 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011. The opinion in the Youngstown Case, supra, referred to all of the Supreme Court cases mentioned above and held that the decision was in accord with them. The case of United States v. Richards (C.C.A.) 79 F.(2d) 797, is cited as presenting a contrary view, but certiorari having been denied in the Youngstown Case, we find no reason for changing the rule laid down therein and hold that the amendment is not barred by the statute of limitations. The parties agree that if the refund claim was filed in time the plaintiff is entitled to a deduction from gross income in 1917 on account of amortization of the value of the leasehold in the sum of $8,280.92, which will accordingly be allowed in computing the correct amount of plaintiff's taxes for that year.

In the other division of the case, the plaintiff claims to be entitled to the inclusion in invested capital for 1917 and 1918 of the cost of its standing type and forms in existence on March 1, 1913, and (as it alleges) kept current by additions and replacements, all of which were currently charged to expense. The question here raised is primarily one of fact. We think plaintiff is entitled to have included in its invested capital the value of its standing type and forms which were on hand for the separate years of 1917 and 1918, but it is insisted on behalf of defendant that this value has not been shown by the evidence. The commissioner of this court who heard the testimony has found that it does not show when the forms on hand in 1917 and 1918 were set up, or whether any part of that then preserved was in existence in 1910 and 1913. He also found that the record is insufficient to show when any of the standing type and forms on hand in 1917 and 1918 was last used, or the probable future use. After a review of the evidence we concur in this finding. (See finding 15.)

It is clear that under this state of facts plaintiff is not entitled to include in invested capital the labor costs incurred in previous years in making standing type and forms. The plaintiff lays stress on the fact that the evidence shows that the amount of standing type and forms was kept current after 1910, at which time an appraisement was made, but this does not fill the gap in the evidence. It is argued on behalf of plaintiff that it would have been impossible to make the evidence more definite. To this we do not agree. An expert witness who was familiar with the forms and type kept on hand in 1917 and 1918 by plaintiff could testify as to their value, subject to cross-examination as to his knowledge of the amount on hand. Some seven or eight years had elapsed since 1910 and, as we have already noted, the evidence is insufficient to show when that on hand in 1917 and 1918 was set up, or whether any part of what was then preserved was in existence in 1910 and 1913. The Commissioner of Internal Revenue excluded from invested capital $235,478.60, an item which was set up on plaintiff's books in 1913 on the basis of an appraisal made in 1910 to record the labor costs which plaintiff claims entered into the standing type and forms on hand in 1910; these costs having been previously charged to expense. The plaintiff contends that the Commissioner, instead of reducing the invested capital reported, should have increased it by $373,418.40 on account of the cost of standing type and forms, but the matters necessary to sustain this contention are not established by the evidence, which does not present a sufficient basis for setting aside the Commissioner's ruling.

If counsel for plaintiff and defendant can agree upon the amount of refund to which plaintiff is entitled under the foregoing opinion, judgment will be rendered in accordance with the agreement; otherwise the court will make the calculation and enter judgment.