## NEW YORK TRUST CO. v. UNITED STATES.

### No. 196.

Circuit Court of Appeals, Second Circuit.

Feb. 8, 1937.

Putney, Twombly & Hall, of New York City (Edmund S. Kochersperger, of Washington, D. C., of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S.

Atty., of New York City, of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This suit seeks recovery of an overpayment of income taxes for 1917 paid by John C. Leslie, now deceased, of whose estate the New York Trust Company is executor. The respondent's motion to dismiss the petition for lack of jurisdiction was granted on the ground that no claim for refund of the overpayment sued for was filed within the time prescribed by statute as a condition precedent to maintenance of the suit. 26 U.S.C.A. §§ 1672–1673. The correctness of this ruling is the issue presented by the appeal.

From the petition and the affidavits and exhibits submitted upon the motion to dismiss, it appears that Leslie paid an income tax of $49,968.05 for the year 1917, the final payment thereof having been made in April, 1921. On October 13, 1921, he filed a timely claim for the refund of $338.29 "or such greater amount as may be legally refundable." The claim then proceeded to specify reasons for his demand, as follows:

| | |
|---|---:|
| Refund for 1917 due to Wife's income being included in the calculation of surtax, also depreciation not taken on the original return | $136.86 |
| Refund for 1918 due to reduction of taxable L. B. Int. also depreciation not taken on original return | 201.43 |
| Total Refund | $338.29 |

In May, 1922, this claim was "examined," and an audit was made of Leslie's income tax return for 1917. The audit disclosed an overassessment of $136.86. A certificate of overassessment in the same amount (No. 190,888) was issued, and that sum, the petitioner is willing to assume, was paid to Leslie. No entry either of allowance or rejection was made in the blanks reserved for such entries upon the claim for refund, but at some undisclosed date there was indorsed upon it, "See C. of O. No. 190,888 for adjustment." By documents filed in May and June, 1933, the petitioner, as Leslie's executor, purported to amend his 1921 claim for refund and made claim for an overpayment of his 1917 tax by the sum of $44,433.09 resulting from failure

to credit his net income with his proportionate share of the 1917 excess profit taxes of a partnership of which he was a member. This is the overpayment sued for. The partnership taxes had been in litigation which was not terminated until 1925. Bowers v. New York Trust Co., 9 F.(2d) 548 (C.C.A.2). On February 4, 1927, the Commissioner of Internal Revenue promulgated Treasury Decision 3971, approving Reid v. Rafferty, 15 F.(2d) 264 (C.C.A.2), and . recognizing that a partner's net income must be credited with his share of 1917 excess profits taxes imposed upon his partnership, but at no time was Leslie's 1917 net income so credited. By letter of September 19, 1933, the deputy commissioner in effect refused to consider the alleged amendments because the original claim "was allowed in full in the year 1922," and the documents filed in May and June, 1933, were too late to be valid claims under section 284 of the Revenue Act of 1926 (44 Stat. 66). Treating this letter as a rejection of the claim, the petitioner brought this suit within two years thereafter, on September 17, 1935.

It is conceded that the 1933 claim for refund was filed too late, unless it can be treated as an amendment of the 1921 claim. The respondent asserts that it cannot be so treated for two reasons: (1) That the alleged amendment sets up matters of fact and law wholly unrelated to those relied upon in the original claim; and (2) that the original claim had been finally acted upon prior to the filing of the alleged amendment so that there was not then pending anything to amend. The District Court accepted the first ground and did not consider the second.

Much has been written concerning the amendment of claims for refund, and recent decisions of the Supreme Court have displayed liberality in permitting such amendments, but none of its decisions has ruled upon the precise issue here presented, namely, whether a claim which sets forth specific grounds for the refund demanded may be amended to include another and totally unrelated ground after a claim wholly new would be barred by limitation. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619, is not controlling in favor of the appellant, for there the original claim was specific only as to the amount of the overpayment and failed to state the grounds upon which the refund was demanded. The filing of an amendment which did specify the grounds

was held to be the perfecting of the old claim and not the presentation of a new one. Similarly, in United States v. Factors & Finance Co., 288 U.S. 89, 53 S.Ct. 287, 77 L.Ed. 633, the original claim did not specify any ground for the refund. In Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265, apparently the amendment merely amplified grounds of which the original claim gave notice in general terms. On the other hand, United States v. Henry Prentiss & Co., 288 U.S. 73, 53 S.Ct. 283, 77 L.Ed. 626, is not controlling in favor of the appellee. There the original claim demanded a special assessment under section 327(d) of the Revenue Act of 1918 (40 Stat. 1093), and it was held that, after the period of limitation, this could not be turned by amendment into a claim for the reaudit of invested capital and reassessment of the tax accordingly. Cf. Bemis Bros. Bag Co. v. United States, 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011.

Turning to decisions of other courts, support for the appellee's position may be found in United States v. Richards, 79 F. (2d) 797 (C.C.A.6), certiorari denied 297 U.S. 718, 56 S.Ct. 595, 80 L.Ed. 1003. There the taxpayer first filed a general claim, which was later made specific, the ground then stated being that he had received dividends which, having been paid out of corporate capital, were tax-free. This claim was rejected with permission to reopen it upon presentation of further evidence. When the taxpayer requested reopening, he urged also an additional and unrelated ground, namely, that he was entitled to a deduction of his share of 1917 excess profit taxes paid by two partnerships of which he was a member. After a careful review of the Supreme Court decisions, the court concluded that the alleged amendment came too late because it was in reality a new claim, directing the Commissioner's attention into fields unrelated to the claim based on corporate dividends and requiring an examination of the records of distinct taxable entities. See, also, Bryant Paper Co. v. Holden, 63 F.(2d) 370 (C.C.A.6), on rehearing (C.C.A.) 65 F.(2d) 1012, certiorari denied 290 U.S. 631, 54 S.Ct. 49, 78 L.Ed. 549.

The appellant relies heavily upon two decisions of the Court of Claims. Youngstown Sheet & Tube Co. v. United States, 7 F.Supp. 290, certiorari denied 293 U.S. 599, 55 S.Ct. 116, 79 L.Ed. 692; Con. P. Curran Printing Co. v. United States, 15 F.Supp. 153. Here claims for specific de-

ductions were allowed to be amended, after the statutory period, to claim other specific deductions. Possibly these cases are distinguishable from the Richards Case in that the examination required to pass upon the claims asserted by amendment would not require the Commissioner to have recourse to the records of a different taxpayer, as in the Richards Case and the case at bar, where overpayment is based on failure to deduct part of a partnership's 1917 excess profits tax. The Supreme Court has admonished that it is necessary to "keep in view the realities of administrative practice." When the amendment requires examination of the records of another taxpayer, we think that inquiry is forced into paths too far removed from those to which the original claim directed it. We agree with the view expressed by the Sixth Circuit in the Richards Case.

But, even if a different view were to prevail as to this issue, the order below would have to be affirmed on the second ground advanced by the appellee. Allowance of a specific claim and payment of the full sum claimed must be deemed final action thereon, leaving nothing pending for subsequent amendment. No reason is apparent to differentiate between allowance and rejection in this respect, and concededly it is too late to amend after rejection of a claim. Solomon v. United States, 57 F.(2d) 150 (C.C.A.2); United States v. Memphis Cotton Oil Co., 288 U.S. 62, 72, 53 S.Ct. 278, 282, 77 L.Ed. 619. The appellant argues that the 1921 claim was not shown to have been either allowed or rejected by the Commissioner; that allowance of the precise amount claimed was permitted by article 1031 (a) of Treasury Regulations 62 without the filing of any claim for refund, and that the claim bears no notation that it was either allowed or rejected. However, it does appear that the claim was "examined" prior to audit of the return and to preparation and approval of the certificate of overassessment; and Exhibit 2 states that the amount of the certificate is to be scheduled and forwarded to the collector. The appellant's brief expresses its willingness to assume that the certificate of overassessment was issued and the sum of $136.86 was paid to the taxpayer. Payment of a refund presupposes that the Commissioner certified the schedule of refunds, thus directing the disbursing clerk of the Treasury to draw checks for refunds shown on the schedule. See United States v. Swift & Co., 282 U.S. 468, 473, 51 S.Ct. 202, 204, 75 L.Ed. 464. There remained nothing further for the Commissioner to do to accord the taxpayer all he had claimed. In the absence of controlling authority to the contrary, we should be unwilling to hold that after payment in full the claim remained pending as to 1917 taxes because of a failure to indorse "allowed" upon it. As to the 1918 taxes, it apparently did remain pending, but that is irrelevant.

On both of the grounds above discussed we hold the claim presented in 1933 could not properly be treated as a timely amendment of the claim filed in 1921. Accordingly the order is affirmed.