### ANDREWS v. UNITED STATES.
### No. 43181.

Court of Claims.
Feb. 8, 1937.

Fred R. Seibert, of Cleveland, Ohio, for plaintiff.

George W. Billings, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

This is a suit to recover an admitted overpayment of income tax for 1930 wherein the Government defends on the ground that such payment cannot be made for the reason that a timely claim for refund cannot be amended, after the period for filing a claim has expired, which sets up a new ground for recovery.

Plaintiff duly filed her return for 1930 and paid the tax of $12,800.30 shown due thereon in quarterly installments, the last installment being paid on December 15, 1931. During 1930 plaintiff, pursuant to a recapitalization arrangement, exchanged stock in a corporation in which she was a stockholder for new stock in the same corporation and at the same time exercised the privilege granted of disposing of fractional shares of new stock for $36,750 in cash. Plaintiff included the entire amount of cash so received in her return for 1930 as a dividend and paid her tax on that basis.

In December, 1931, the revenue agent in charge for plaintiff's district advised plaintiff that her return as filed appeared to be correct but that such conclusion was subject to approval by the Commissioner and that in the event subsequent information be received which would materially change her tax it would be necessary to redetermine her tax liability.

In October, 1932, following a conference with representatives of the corporation from which the so-called dividend had been received, the Commissioner advised the revenue agent in charge, who had previously indicated his approval of plaintiff's return as filed, that the cash received by its stockholders (including plaintiff) in the recapitalization transaction, heretofore referred to, represented proceeds from the sale of fractional shares of stock and that gains or losses should be computed on such sales instead of having the entire cash reported as dividends, as returned by plaintiff in her return. The result of this change in the treatment of the cash received, in so far as plaintiff was concerned, was that a taxable profit was shown of $7,411.44 instead of a taxable dividend of $36,750, and a reduction in her tax liability for 1930 of $5,536.97.

Subsequent thereto, namely, February 2, 1933, which was within the two-year period for filing claims on account of the tax paid in 1931 for 1930, plaintiff filed a claim for refund of $995.52 for 1930 and assigned as grounds therefor that certain losses (unrelated to the dividend item referred to above) had been sustained in that year for which deductions had not been claimed in her return.

After the statute had run on filing a new claim for refund, plaintiff on June 29, 1934, filed a claim for refund of $6,454.09 for 1930 and assigned as a basis therefor not only the grounds set out in the claim of February 2, 1933, but also the additional ground that refund should be allowed on account of the change in the treatment of the cash received in the recapitalization transaction heretofore referred to, that is, such cash should not be taxed as a dividend but should be taxed only as profit to the extent that profit was shown from a sale of fractional shares of stock in the manner theretofore determined by the Commissioner. The new claim was styled as an amendment and amplification of the claim filed February 2, 1933, which was still pending before the Commissioner. November 2, 1935, which was likewise before the claim of February 2, 1933, had been acted upon, the Commissioner advised plaintiff that while "the merits of the claim [that filed June 29, 1934] are allowable," it cannot be allowed for the reason that the position of the Bureau was that the claim of February 2, 1933, based on certain grounds could not be amended, after the statute had run on filing new claims, to include items unrelated to those shown in the original claim. The new claim was finally rejected December 16, 1935, and this suit was instituted shortly prior thereto, December 12, 1935. The original claim was not finally acted upon until some time in 1936 when it was allowed in part and rejected in part but no allowance has been made on account of the new item set up in the claim of June 29, 1934.

Our sole question is whether under the circumstances of this case the timely claim for refund, based upon certain grounds, was properly amended after the statute had run on filing a new claim, but prior to action on the original claim, so as to permit recovery on an item not included in the original claim. We are convinced that this case comes within the principle laid down in United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; United States v. Factors & Finance, 288 U.S. 89, 53 S.Ct. 287, 77 L.Ed. 633; and Bemis Brothers

Bag Company v. United States, 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011, wherein amendment of a claim was permitted under certain circumstances and that it is not essentially different from that presented in Youngstown Sheet & Tube Co. v. United States, 7 F.Supp. 290, 79 Ct.Cl. 683, certiorari denied, 293 U.S. 599, 55 S.Ct. 116, 79 L.Ed. 692, where the right to amend a refund claim was fully discussed and the cases distinguished. We adhere to the opinion therein expressed. See, also, Con. P. Curran Printing Co. v. United States, 15 F.Supp. 153, decided by this court on June 1, 1936.

In this instance, not only was a timely claim for refund filed on account of certain items, but also prior to the expiration of the time within which a new and independent claim could have been filed, the Commissioner had determined that adjustment should be made of the item which produced the overpayment now in controversy. After the statutory period for filing a new claim had expired, but prior to action on the original claim, plaintiff filed the amendment to the original claim which did nothing more than advise the Commissioner that she was not only demanding the amount shown in the original claim but also that which the Commissioner had long prior thereto and within the statutory period recognized as payable to her. There was therefore no lack of notice within the statutory period that plaintiff was demanding refund on account of the items set out in the original claim and that refund was due plaintiff on account of the item later set up in the amended claim. Action on the claim required a redetermination of plaintiff's entire tax liability, which included a consideration of all items affecting such tax liability in order to determine whether there had been an overpayment of tax. Cf. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293. When the Commissioner came to take final action on the original claim, he had before him his own determination, made within the statutory period, that there had been an overpayment on the item here in controversy and an amendment to the claim showing a demand for such overpayment. All the equities are with the plaintiff. It would be immoral and unconscionable not to allow an amendment under these circumstances, and especially where an admitted overpayment of taxes is clearly shown and the Commissioner had knowledge of the overpayment prior to the expiration of the statutory period.

Judgment will accordingly be entered for plaintiff for $5,536.97 with interest as provided by law. It is so ordered.