## ALLEGHENY HEATING CO. v. LEWELLYN.

### No. 6250.

Circuit Court of Appeals, Third Circuit.

July 1, 1937.

William A. Seifert and William Wallace Booth, both of Pittsburgh, Pa., and Ellsworth C. Alvord and Floyd F. Toomey, both of Washington, D. C. (Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., of counsel), for appellant.

Charles F. Uhl, U. S. Atty., and Orris Bennett, Sp. Asst. to U. S. Atty., both of Pittsburgh, Pa., James W. Morris, Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and Lester L. Gibson, Sp. Assts. to Atty. Gen., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and MARIS, District Judge.

MARIS, District Judge.

This is an appeal from the judgment of the District Court for the Western District of Pennsylvania in a suit brought by the appellant against the former collector of internal revenue to recover income and excess-profits taxes alleged to have been erroneously paid for the years 1917 and 1918. The appellant filed returns and paid income and excess profits taxes thereon for the years 1917 and 1918. Within the periods limited by law it filed claims for refund for each year, setting forth as grounds for refund that it was entitled to

additional depreciation and that it should be deemed affiliated with the Philadelphia Company and certain other corporations because of a contract between them for the purchase of gas at 50 per cent. of its sale price to others, thus resulting in an artificial distribution of income to the taxpayer.

After the period of limitation had run against filing claims for refund for the years in question, the Commissioner of Internal Revenue on November 9, 1925, mailed to the taxpayer a letter informing it that as the result of an examination of its returns there appeared to be an additional tax liability for the years 1917 and 1918 which he proposed to assess. This letter referred to the two claims for refund previously filed and stated that the taxpayer had been ruled not affiliated for those years. Thereafter on November 25, 1925, the taxpayer filed its protest against these findings of the Commissioner. No action appears to have been taken by the Commissioner on this protest, and on January 16, 1928, the taxpayer filed a further protest-brief in the nature of an application for the reconsideration of the findings embodied in the letter of November 9, 1925. In this brief for the first time the taxpayer asked for special assessment under section 210 of the Revenue Act of 1917 (40 Stat. 307) and section 327 of the Revenue Act of 1918 (40 Stat. 1093), upon the same ground alleged for affiliation in the original claims for refund, namely, the abnormal income resulting from the agreement with the Philadelphia Company for the purchase of gas.

On January 15, 1929, the Commissioner wrote the taxpayer informing it that he had allowed its application for a special assessment and had canceled the proposed deficiencies in tax for the years 1917 and 1918, but that the overpayments for those years disclosed as a result of the special assessment could not be refunded because no claim for the refund thereof upon that ground had been made. In the same letter the Commissioner advised the taxpayer that the claims for refund theretofore filed on the ground of affiliation would be rejected, since in his letter of November 9, 1925, he had advised the taxpayer that it had been ruled not affiliated. On March 29, 1929, the claims for refund were formally rejected by the Commissioner.

Thereafter the taxpayer brought this suit for the recovery of the amounts shown by the Commissioner's special assessment of January 15, 1929, to be refundable to it for the years 1917 and 1918. The court below upheld the Commissioner's contention that the refunds were barred by the statute of limitations. Its action was upon the ground that the timely claims for refund asked for relief upon a ground (affiliation) which did not entitle the taxpayer to refund and that the taxpayer's protest letter of January 16, 1928, could not be treated as an amendment of the claims since, as the court said, it was a protest directed against the proposed deficiency assessment of November 9, 1925, and did not relate to the claims for refund. From this action the present appeal was taken.

At the outset it should be noted that the applicable statutes of limitations require that claims for the refund of internal revenue taxes erroneously collected shall be presented to the Commissioner within a prescribed time and prohibit allowance of the claims if this condition is not satisfied. The claims involved in this case were filed within the period prescribed. The Revenue Act provides that no suit shall be maintained in any court for the recovery of such a tax "until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof." Revenue Act 1921, § 1318, 42 Stat. 314, as amended by the Act of March 4, 1923, c. 276, § 2, 42 Stat. 1505 (26 U.S.C.A. §§ 1672–1673). During the period of the transactions here involved, there had been promulgated under the Revenue Act of 1921 and was in force a treasury regulation providing that: "Claims by the taxpayer for the refunding of taxes and penalties erroneously or illegally collected shall be made on Form 843. In this case the burden of proof rests upon the claimant. All the facts relied upon in support of the claim should be clearly set forth under oath." Reg. 62, art. 1036. The claims involved in the present case complied with this regulation, since they set forth the facts relied upon in their support. The relief for which they asked based upon those facts was denied, however, and it is the contention of the taxpayer that by its protest-brief of January 16, 1928, the claims were amended by the substitution of other grounds for relief to which it was entitled, that the amendment

so made was timely, and that its claim should, therefore, have been allowed.

We are thus confronted with the question as to the circumstances under which a timely claim for refund may be amended after the statute of limitations has run. In United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L. Ed. 619; United States v. Henry Prentiss & Co., 288 U.S. 73, 53 S.Ct. 283, 77 L.Ed. 626; United States v. Factors & Finance Co., 288 U.S. 89, 53 S.Ct. 287, 77 L.Ed. 633; and Bemis Bros. Bag Co. v. United States, 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011, the Supreme Court passed upon various phases of this question. From these decisions the court below drew the principle that if, in the consideration of a timely claim for refund, the Commissioner, in the normal course of administrative procedure, is led into the field covered by a purported amendment, the latter, if filed before rejection of the original claim, will be treated as a part of such original claim, even though filed after the statute of limitations has run. This we think is a correct statement of the law. Applying it to the present case, two questions arise for determination.

The first is whether the Commissioner in the normal course of administrative procedure in this case was led into the field covered by the purported amendment, namely, the question of special assessment. We think it clear that he was. The grounds of the original claim for refund involved all of the facts upon which the special assessment was afterward granted. In considering the taxpayer's tax liability for 1917 and 1918, the Commissioner was necessarily called upon to decide whether the Government could satisfactorily determine the invested capital of the taxpayer. If not, under section 210 of the Act of 1917 and section 327 of the Act of 1918 it was his duty to make a special assessment. This is what he actually did do following the filing of taxpayer's protest-brief of January 16, 1928. That brief did not set up any new facts or basis for relief, but merely urged that relief upon the facts which had been averred in the original refund claims be granted in a different form. We think that such an amendment may be made to a claim for refund after the statute of limitations has run and while the subject-matter is still under consideration by the Commissioner. Bemis Bros. Bag Co. v. United States, supra.

This brings us to the second question, which is whether the protest-brief filed by the taxpayer on January 16, 1928, amounted to an amendment of the claims for refund. We think it did. The letter of November 9, 1925, notified the taxpayer of certain findings of the Commissioner. The primary findings were as to the amount of taxable income for the years involved. These were based upon the further finding that the taxpayer was not affiliated during those years. Upon the basis of these findings the Commissioner determined that additional taxes were due for 1917 and 1918 and that the claims for refund of taxes theretofore paid for those years could not be allowed. His determinations were communicated to the taxpayer by his letter of November 9, 1925, which contained in an accompanying statement the following:

"The statements made in your claims for the refund of $73,791.07 and $45,000.-00 corporation income and profits taxes for 1917 and 1918, respectively, have been given careful consideration.

"The corporation has been ruled not affiliated for 1917, 1918 and the period ended February 21, 1919."

The taxpayer's protest of November 25, 1925, protested "the findings of the Income Tax Unit as set forth in its letter under date of November 9, 1925," and set up as the first ground of protest that the Commissioner had erroneously excluded it from affiliation with the Philadelphia Company. We think it clear that this protest was directed to the Commissioner's findings in their entirety, including those which bore on the claims for refund. We may assume that the Commissioner himself took this view, since he did not formally reject the claims at that time, but on the contrary withheld action on them until his final determination in 1929 of the tax liability for the years in question. In the taxpayer's protest-brief of January 17, 1928, it was stated that it was "an application for the reconsideration of the findings of the Income Tax Unit as embodied in its letter dated November 9, 1925." This again was an application by the taxpayer for the reconsideration of the Commissioner's findings as to the claims for refund mentioned in the letter of November 9, 1925. Moreover, it was a request for their reconsideration in the light of the relief sought in that protest-brief; in other words, in the light of the taxpayer's

request that its taxes be recomputed on the special assessment basis.

Under the circumstances here disclosed, we conclude that the protest-brief of January 17, 1928, constituted an amendment of the original claims for refund which incorporated into them a prayer for refund upon the special assessment basis. United States v. Elgin Nat. Watch Co. (C.C.A.) 66 F.(2d) 344.

It is undisputed that under the determination of the taxpayer's tax liability for the years in question made by the Commissioner on January 15, 1929, the taxpayer had overpaid its taxes and was entitled to the refunds here claimed except for the bar of the statute of limitations. The equities are, therefore, all with the taxpayer. The rule that tax laws should be construed most strongly in favor of the taxpayer is peculiarly applicable here. Furthermore, it is clear that during his entire consideration of the taxpayer's liability extending over a period of more than four years the Commissioner at all times had before him the timely claims for refund. This is apparent when it is noted that in his final letter of January 15, 1929, the Commissioner referred to these claims for refund and for the first time definitely informed the taxpayer that they would be rejected. It is also apparent that in the normal course of his procedure in the determination of the taxpayer's liability the Commissioner reached the conclusion that special assessment should be applied to the case, this conclusion having been reached following a protest-brief suggesting it which was filed by the taxpayer, which brief protested and asked reconsideration of the entire case, including the proposed rejection of the original claims for refund. This relief which the Commissioner ultimately gave the taxpayer was based upon the facts as to abnormal income originally disclosed in the claims, and the only effect of the amendment made by the protest-brief was to change the form of relief sought upon those facts. Under these circumstances the statute of limitations did not bar the refunds to which the taxpayer was found by the Commissioner to be entitled and its claims should, therefore, have been allowed. United States v. Memphis Cotton Oil Co., supra; United States v. Factors & Finance Co., supra; Bemis Bros. Bag Co. v. United States, supra; Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265; United States v. Elgin Nat. Watch Co., supra; United States v. Humble Oil & Refining Co. (C.C.A.) 69 F.(2d) 214; Youngstown Sheet & Tube Co. v. United States (Ct. Cl.) 7 F.Supp. 290, certiorari denied 293 U.S. 599, 55 S.Ct. 116, 79 L.Ed. 692; Staton v. United States (D.C.) 9 F.Supp. 428; Con. P. Curran Printing Co. v. United States (Ct.Cl.) 15 F.Supp. 153.

The cases of Bryant Paper Co. v. Holden (C.C.A.) 63 F.(2d) 370; United States v. Richards (C.C.A.) 79 F.(2d) 797; and New York Trust Co. v. United States (C.C.A.) 87 F.(2d) 889, are distinguishable on their facts. Each of these cases involved amendments to specific claims for refund. In each case the amendments involved a complete departure from the grounds set forth in the original claim, the original grounds bearing no relation thereto. In the instant case, as we have seen, the amendment was fundamentally related to the original claim, in that it involved no new facts whatever so far as the taxpayer, its income and records were concerned, but merely the application of a different remedy based upon the same facts.

The judgment is reversed, and the case is remanded to the court below, with directions to take further proceedings in accord with this opinion.