## WINCHESTER MFG. CO. v. UNITED STATES.

### No. 42518.

Court of Claims.
Nov. 14, 1938.

Claude E. Koss, of New York City (H. Stanley Hinrichs and Oscar P. Mast, both of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson, Fred K. Dyar, and G. W. Billings, all of Washington, D. C., on the brief), for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This is a suit to recover a portion of income and profits taxes paid for the year 1918. Several refunds have been made and so far as the refund involved in this case is concerned, it is based on the ground that the Commissioner of Internal Revenue placed a wrong value upon certain items of plaintiff's closing inventory for that year. The principal defense set up by defendant raises the issue that no claim for the refund now sought to be recovered was filed in time to permit the plaintiff to avail itself of the inventory adjustment which it now seeks to have made.

It appears that in filing its return for 1918 plaintiff, in making its inventory, followed the rule of "cost or market, whichever is lower" and, since market was lower than cost, at least for many items in its inventory, claimed a decrease in taxable income for 1918 of $1,190,172.84 on the ground that the market value of its inventory at December 31, 1918, was that much less than cost. On an audit of this return, the Commissioner reduced the inventory reduction claimed of $1,190,172.84 to $494,992.22, such inventory allowance being based upon a revaluation of materials entering into plaintiff's inventory. After making this reduction in the allowance claimed, together with other adjustments not here material, the Commissioner assessed a deficiency of $870,399.45 with interest, in February 1927. A portion of that deficiency was satisfied by abatement and credit, and the balance, $771,752.18, was paid by plaintiff April 30, 1927. In order to protect itself against the statute of limitations on any overpayment that might be determined, the plaintiff filed a claim for refund on March 15, 1924. A deficiency instead of an overpayment having been found by the Commissioner, this claim was rejected and is not material in this proceeding.

About three years later, on May 9, 1930, plaintiff filed a second claim for refund for 1918 on the ground that "in computing the inventory of December 31, 1918, at market, effect should be given to a reduction in wages which took place shortly prior to December 31, 1918." That claim set out in great detail the situation with reference to labor and wages existing at December 31, 1918, and the manner in which the general reduction in labor costs would affect the closing inventory for 1918. It was based solely on the costs of labor and made no reference whatever to any further adjustment desired on account of the material content of the inventory.

The Commissioner considered this claim and on October 5, 1931, issued a certificate of overassessment for $199,698.53. The allowance of this overassessment was made by reason of the decrease in the closing inventory for 1918 of $240,352.27 and the decrease was based on a reduction in the value of the labor content of the inventory. There was no reduction made at this time on account of revaluation of material, nor did the labor reduction include a revaluation of the inventory on hand in connection with Government contracts, the Commissioner having taken the position that any loss on account of a decline in value of such material had been adjusted subsequent to 1918 through settlements on Government contracts. However, the Supreme Court on February 15, 1932, held in United States Cartridge Co. v. United States, 284 U.S. 511, 52 S.Ct. 243, 76 L.Ed. 431, that these war materials could be inventoried in the same manner as other materials on hand at December 31, 1918. Accordingly, on March 10, 1932, plaintiff requested reconsideration of the action taken on the claim of May 9, 1930. This reconsideration was granted and the Commissioner made a further reduction in plaintiff's inventory as of date December 31, 1918, of $10,403.25 on account of labor involved in Government contracts, and on September 26, 1933, issued a certificate of overassessment for $8,849.28 by reason of this reduction. In the meantime and before the Commissioner had taken the action just referred to, plaintiff, on March 30, 1933, filed a document designated "Amended Claim for Refund" in which it requested in effect that the Commissioner extend his consideration under the claim for refund of May 9, 1930, so as to include not only labor but certain items of material entering into the inventory of December 31, 1918, and make

an adjustment therefor. The Commissioner refused to recognize the document filed March 30, 1933, as an appropriate amendment to the claim of May 9, 1930, and accordingly made no adjustment or reduction in the assessment under that claim other than on account of the ground stated in the original claim, namely, a decrease in the inventory due to a reduction in the cost of labor. The claim of May 9, 1930, and the amendment thereto filed March 30, 1933, are now the only claims in controversy between the parties and form the basis of plaintiff's action.

■ It has already been shown that the claim filed May 9, 1930, was confined to the labor content of inventory items. The plaintiff, however, contends that the Commissioner was fully apprised by other documents that it was intended to apply to the value of materials included in the inventory generally and that the valuation of the materials was reconsidered by an audit made on this claim. But, as before stated, the adjustment was asked wholly on account of a change in labor costs and the five supporting documents and schedules dealt with the same subject with particularity without any suggestion that a revaluation of the material element was desired. The basis of the amendment to the claim filed March 30, 1933, was that the Commissioner improperly valuēd certain items in its closing inventory for 1918 and the plaintiff contends that the claim last filed, when considered in connection with the claim of May 9, 1930, other requests filed, and certain acts ·of the parties, is sufficient to permit the revaluation of both material and labor elements properly entering into a valuation of such items, notwithstanding the fact that the last claim for refund had been filed after the expiration of the statute of limitations [40 Stat. 1085, § 252].

In the case of Curran Printing Co. v. United States, 15 F.Supp. 153, 83 Ct.Cl. 431, certiorari denied, 301 U.S. 686, 57 S. Ct. 789, 81 L.Ed. 1343, it appeared that an audit made by the Commissioner pursuant to a claim filed in time disclosed facts sustaining the right of the plaintiff to recover and this court held that the plaintiff, before a ruling was made thereon, might file an amendment to the refund claim setting up the matters disclosed by the Commissioner's audit although the last claim was not filed until after the expiration of the statute of limitations. In the case of Mabel S. Andrews, Exec., v. United States, 17 F.Supp. 980, 84 Ct.Cl. 460, relying upon the cases of Youngstown Sheet & Tube Co. v. United States, 7 F.Supp. 290, 79 Ct.Cl. 683,. and Curran Printing Co. v. U. S., supra, upon somewhat similar facts, a similar ruling was made. The Andrews Case, however, was reversed by the Supreme Court (302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398) and while the closing paragraph of the court's opinion thereon still leaves open a question as to circumstances under which an amendment might be made after the running of the statute if the Commissioner was fully apprised of the items of deduction ultimately. claimed in the amendment by his audit, the decision is explicit in holding that a claim limited to a specific item can not "be amended out of time to seek a refund on account of other and unrelated items." [page·320.]

It is contended on behalf of plaintiff that the Commissioner was fully apprised of a claim for refund on account of overvaluation of material before the last claim for refund was filed. Plaintiff's counsel support this contention by reference to a claims card bearing date 4/3/33, but this card merely shows that a request for reopening the claim had been denied; moreover the date on the card was after the expiration of the statute of limitations. We find nothing in the evidence to show ·that material, as distinguished from the labor content in material, was considered by the Commissioner in the audit of the claim of May 9, 1930, or that the Commissioner had considered such material under this claim at the time when the amendment to the claim was filed on March 30, 1933. On all of the evidence it is apparent that the attention of the Commissioner was not called to this matter until after the statute of limitations had run. Moreover, there is no evidence whatever that the Commissioner did in fact make any audit beyond that which was necessary to find the labor content in certain· portions of the material contained in the inventory, and that the application for reopening was denied. The records of the Commissioner's office show plaintiff's case was not reopened under the amendment of March 30, 1933, and the evidence as a whole shows that no consideration whatever was given by the Commissioner to that document.

As· already stated, the claim for refund filed May 9, 1930, was as specific as it was possible to make it in confining its application to the labor content of certain

materials included in the inventory. There was nothing in it which would call the attention of the court to a claim for a revaluation of materials in the inventory generally. Under the circumstances, we are constrained to apply the rule laid down in the Andrews Case and hold that the plaintiff was not entitled to have considered an amendment filed after the period of limitations seeking a refund on account of other and unrelated items.

What is said above disposes of the main branch of the case but there are other contentions made on behalf of the plaintiff. The special findings show the various items contended for by plaintiff, as set forth in a stipulation of the parties, together with the correct amount pertaining to each item and the classification of the items in eight different classes. These classes are set out in Finding 14, and Finding 18 shows that in only five of the eight classes is labor involved; namely, classes 1, 3, 4, 5, and 6. Consequently classes 2, 7, and 8 are eliminated from further consideration. In addition to these classes it is conceded on behalf of the plaintiff that it must fail for lack of proof with respect to classes 3 and 5. On the other hand, defendant concedes that to the extent the court finds the claim sufficient to cover the items included in class 1, plaintiff is entitled to recover. The revaluation sought in that class includes not only labor but also material. Nothing can be allowed on the part of the claim for material but the parties have agreed that under this item a labor reduction should be made in the sum of $4,086.68.

There remain for consideration only the items which are covered by classes 4 and 6. Here a new question arises; namely, whether the items included in those two classes are properly to be considered inventory items which are subject to be valued under the statute and regulations at "cost or market, whichever is lower." Class 4 is described as "Miscellaneous small production tools and materials used for making the same, the life of which may reasonably be presumed to be less than one year"; and class 6 refers to "Supply and other miscellaneous items not allocable to any of the foregoing classifications." The small tools included in class 4 which had a life of less than one year, as well as the material on hand for their production, and the supply and other miscellaneous

items of class 6 which the record shows consisted largely of factory stationery, did not belong in the inventory. None of these items were articles on hand for sale; neither did they become part of the finished products which plaintiff was manufacturing for sale. The cost of these articles we think was an item of expense for which allowance may be made but not as a part of the inventory. The omission of any allowance on account of the labor element in these items was not an error.

Under the rules we have laid down above, recovery can be had only on account of the reduction in net income brought about by the revaluation of the labor element in class 1, the amount of which is agreed to be $4,086.68. This reduction being allowed, we find there was an overpayment of $3,476.24 (including interest collected in connection with the deficiency) for which judgment will be entered with interest as provided by law. It is so ordered.